## PROMISSORY NOTE AS AFFECTED BY A PAROL CONDITION.

Court of Appeals for Cuyahoga County.

### J. M. SHIVE v. E. E. MERVILLE.

Decided, March 13, 1913.

*Promissory Notes—Delivery of, When Effectual—Condition Making Notes Operative May be Shown by Parol.*

Under the provisions of Section 8121, General Code, parol evidence may be received to show that the delivery of a promissory note was conditioned, and that the note was not to become operative, except upon the happening of a certain event.

*E. J. Pinney,* for plaintiff in error.
*Guthery & Guthery,* contra.

WINCH, J.; MEALS, J., and GRANT, J., concur.

Error to the court of common pleas.

Merville sued Shive on a promissory note.   Shive answered, admitted the execution and delivery of the note but alleged that it was delivered to Merville upon condition that it should be paid if certain stock the latter had purchased through Shive should prove assessable and should be returned to Shive if the stock proved non-assessable; that the stock turned out non-assessable, Shive demanded the return of his note, which was refused, and he theretofore asked for the cancellation of the note.

On the trial the plaintiff, Shive, objected to the introduction of any evidence by the defendant, Merville, under the allegations of his answer on the ground that it was an effort to vary the terms of a written agreement by parol evidence.   This objection

was sustained, and the jury instructed to bring in a verdict for the plaintiff.

This action of the trial judge is here alleged as error.

It was held in the case of *Cummings* v. *Neff*, 44 O. S., 92, and again in *Beecher* v. *Dunlap*, 52 O. S., 64, that evidence of a parol agreement prior to or contemporaneous with the drawing and delivery of a bill of exchange, that the drawer is not to be liable as such, is inadmissible.

On the other hand, in other jurisdictions it has been held, as in the case of *Burke* v. *Dulaney*, 153 U. S., 228:

"In an action by the payee of a negotiable note against the maker, evidence is admissible to show a parol agreement between the parties, made at the time of the making of the note, that it should not become operative as a note until the maker could examine the property for which it was to be given, and determine whether he would purchase it."

Justice Harlan, in the opinion in this case, remarks that the evidence offered and excluded "did not in any true sense contradict the terms of the writing in suit, nor vary their legal import, but tended to show that the written instrument was never, in fact, delivered as a present contract, unconditionally binding upon the obligor according to its terms from time of such delivery, but it was left in the hands of Dulaney (the payee) to become an absolute obligation of the maker in the event of his electing, upon examination or investigation, to take the stipulated interest in the property in question."

So here, the allegations of the answer amount to the same thing, that the note was delivered conditionally, to become an absolute obligation only in the event the stock mentioned was found to be assessable.

Whatever conflict on this subject existed in the decisions of the various states, the Negotiable Instruments Act, so-called, enacted by most of the states, adopts the rule of the federal court, cited.

The part of that act applicable here is now found in General Code, Section 8121, and provides that the delivery of the instrument, to be effectual, must be made by or under the authority of

the maker, and, as between immediate parties, the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument.

The answer tendered in this case came within the provisions of said section, and the evidence offered by defendant below, tending to establish the allegations of his answer, should have been received and submitted to the jury, under a proper charge.

See *Starr Piano Co.* v. *Edgar,* 12 C.C.(N.S.), 37.

For error in excluding evidence under the answer and directing a verdict for the defendant, the judgment is reversed.

---

## AS TO THE REVIEW OF A JUDGMENT GRANTED BY DEFAULT.