## William C. Niblack, Receiver of La Salle Street Trust & Savings Bank, Plaintiff in Error, v. David L. Frank, Defendant in Error.

## Gen. No. 22,546.

1. BILLS AND NOTES, § 431*—*what is not evidence of delivery of note on condition explainable by parol testimony.* Where defendant, an insurance agent, and a depositor in plaintiff's bank, gave his note to the bank, which discounted same and passed the amount to his credit, whereby his check thereon in payment of the insurance premium due his company on insurance taken out through him by a vice president of the bank was paid, evidence that such vice president had, under an agreement between him and another vice president of the bank and defendant at the time of the execution of the note, orally agreed to pay same, would not constitute evidence of delivery of the note on such a condition as may be explained by parol testimony, and had no other import than to vary the provisions of defendant's written promise to pay it.

2. BILLS AND NOTES, § 431*—*when provision of Negotiable Instruments Act that delivery of note may be shown to be conditional is inapplicable.* Section 16 of the Negotiable Instruments Act (J. & A. ¶ 7655), providing that the delivery of a note may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring property in the instrument, is not applicable to a case where defendant gave his note to plaintiff's

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

bank, which discounted same and passed the amount to his credit.

3. NOVATION, § 1*—*what does not constitute.* There was no novation where defendant, an insurance agent, in order to secure a sufficient deposit account in plaintiff's bank whereby his check in payment of an insurance premium on insurance taken out through him by a vice president of the bank might be paid, gave his promissory note to the bank, which discounted same and passed the proceeds to his account accordingly whereby such check was paid, under an agreement made at the time of the execution of the note between defendant and such vice president and another vice president of the bank that the former vice president taking out the insurance should pay the note.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and judgment here with finding of fact. Opinion filed December 21; 1917.

HIRAM T. GILBERT and JACOB LOGAN FOX, for plaintiff in error; LEWIS, FOX & ADELSDORF, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT, for defendant in error; ABRAHAM MEYER, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

The parties to this suit were respectively plaintiff and defendant below in an action brought on defendant's promissory note for $3,000 dated July 5, 1911, payable to the order of the La Salle Street National Bank, and transferred to the La Salle Street Trust & Savings Bank, of which plaintiff became receiver. The case was tried without a jury and the writ of error brings up for review a judgment against plaintiff for costs.

Through the defendant Frank, an insurance agent, C. B. Munday, one of the vice presidents of said National Bank, took out a life insurance policy, the initial premium of which was $3,800. Frank had a deposit account in said National Bank and drew his check

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

thereon in favor of the Insurance Company to pay said premium. While his credit balance at the time was only $800, he had reason to expect the check would be honored, but it was not, and thereupon he had an interview respecting the same with Munday and Wm. Lorimer, Jr., another vice president of the bank, the result of which was that the note in question was executed, discounted by the bank, and the proceeds thereof passed to Frank's credit, whereby the check was then paid.

The defense rested on two grounds: (1) That defendant was discharged from an obligation to pay the note by an oral agreement entered into at the time of its execution and delivery between the bank, Munday and himself whereby Munday and not he was to pay the same; and (2) also that the transaction constituted a novation.

We do not think the evidence can be said to support either defense. As to the first it may be said that while the evidence tends to disclose an obligation on the part of Munday to take up the note yet it is not sufficient to show a clear and positive agreement discharging defendant from any liability to the bank, even if parol evidence of said oral agreement received over plaintiff's objection could be deemed admissible.

Admitting the unquestioned and familiar principle invoked by plaintiff in error that the terms of a written instrument cannot be varied by parol evidence, defendant in error citing various decisions, and section 16 of the Negotiable Instruments Act (J. & A. ¶ 7655) urges that the evidence objected to was competent to show a conditional delivery of the note, namely, that the note was not to be paid by him, a condition contrary to its express provisions.

We shall not undertake to review the dissimilar facts in the cited cases upon which evidence of a conditional delivery was upheld. It is sufficient to say that they are distinguishable from the instant case in

the fact that in those cases the written instrument was not to take effect until the happening of a specified event, a condition precedent, and that here the note took effect immediately in consideration of the bank's extension of its credit to defendant whereby his personal check to a third party was paid. It did not change the legal character of the transaction, the consideration of the note, or the purpose of giving it, or defendant's personal obligation to pay it, that Munday promised to take it up, or that the bank expected him to, or that Munday thereby became indebted to defendant. The note, according to its terms, was a binding obligation on defendant from which such circumstances did not discharge him. Evidence, therefore, that the bank would not look to him but to Munday for its payment did not constitute evidence of delivery on such a condition as may be explained by parol testimony and had no other import than to vary the provisions of defendant's written promise.

Nor do we deem section 16 of the Negotiable Instruments Act (J. & A. ¶ 7655) applicable to the instant state of facts. The provision therein relied on is "and in such case the delivery may be shown to have been conditional or for a special purpose only, and not for the purpose of transferring the property in the instrument." The latter clause cannot be disregarded. It cannot be said that there was no purpose to transfer the property in the note to the bank. The very purpose of it was to obtain credit from the bank for defendant's immediate benefit in order that his check on the bank to a third party might be honored. The legal phase of the transaction was not affected by the fact that the bank indirectly paid a debt of Munday's, or that the bank knew it, or that his promise may have induced the bank to extend credit to defendant. In spite of these facts the note still remained defendant's obligation supported by the consideration of an immediate financial benefit to him. The facts, therefore,

do not bring the case within the purview of said section, or the scope of the doctrine permitting evidence of conditional delivery. Hence the evidence violated the familiar rule against the introduction of parol testimony to vary the terms of a written instrument and at best did not tend to show conditional delivery, or at least such a condition as may be explained under the rule invoked by defendant.

Nor did the evidence furnish all the essential elements of a novation. As defined in *Hayward v. Burke*, 151 Ill. 129, they are: "First, a previous valid obligation; second, the agreement of all the parties to the new contract; third, the extinguishment of the old contract; and, fourth, the validity of the new one."

If the transaction effected a novation then it involves admitting, to supply the first element, that the note in question was binding on Frank when delivered, and, to supply the second, that the alleged agreement that Munday and not Frank was to pay the note was a subsequent and independent contract after the note took effect. Either admission is fatal to defendant's theory of novation. The first is inconsistent with his claim that the note was never a binding obligation on Frank, or that it was delivered on a condition that was never performed; and the second is inconsistent with defendant's own version of the facts which warrant the conclusion that the transaction constituted one entire contract. It is unnecessary to consider whether the other elements of a novation were present, if these were lacking.

But the evidence does not support an unqualified agreement by the creditor to look solely to the alleged substituted debtor. (*Elwell v. Hicks*, 180 Ill. App. 554.) At best it merely shows that Lorimer, Jr., the agent of the bank, expected that Munday would take up the note, and probably for that reason assented to its discount. But regardless of whether the bank could have enforced Munday's promise, such a state of facts man-

ifestly did not constitute a substitution of one debtor for another. (*Walker v. Wood*, 170 Ill. 463-467.) The evidence shows no express and, in our opinion, no implied assent by the bank to such a substitution. At best it shows that the bank looked to Munday as well as defendant to pay the note. Against the theory of implied assent is the fact that the note was carried on the bank's records as Frank's obligation and that it charged his account monthly with interest thereon. The contention that he did not know that fact has no bearing on the value of such evidence as disclosing the intent of the bank to recognize his obligation to pay the note and not to substitute Munday as the debtor.

We fail to find in the evidence proof of facts that discharged defendant from his liability on the note either on the theory of a conditional delivery or a novation. The judgment must therefore be reversed and a judgment entered here for the principal of the note with the legal rate of interest from February, 1912, amounting to $3,883.

*Reversed and judgment here with finding of fact.*

Finding of fact. We find that there was not a conditional delivery of the note in question by David L. Frank, defendant in error, to the La Salle Street Trust & Savings Bank, and that said bank did not agree to substitute another debtor for defendant.