## ROBERTS v. THIRD NATL. EXCHANGE BANK OF SANDUSKY.

*Vacating judgment—Cognovit note—Insufficient defense tendered —Note given to deceive bank examiner—Parol testimony to vary written contract.*

Upon a motion to set aside a judgment taken by a bank upon a cognovit note, without notice to the defendant, an answer tendered by the defendant which alleges that the note was executed to enable the bank to deceive the national bank examiner, and which, in order to establish the defense, would require the admission of parol testimony to vary the terms of a written contract, does not show a good and valid defense and does not justify the setting aside of the judgment.

(Decided January 15, 1923.)

ERROR: Court of Appeals for Wood county.

*Messrs. Harrington & Dunn* and *Messrs. Ritter & Hutchens,* for plaintiff in error.

*Messrs. Marshall & Fraser,* for defendant in error.

CHITTENDEN, J. On February 16, 1922, the defendant in error took a judgment in the Court of Common Pleas against plaintiff in error Stanley Roberts upon a cognovit note in the sum of $10,-000, with interest. The judgment was taken without issuance and service of summons upon the defendant, Stanley Roberts. Thereafter, on March 10, the defendant Roberts filed a motion to set aside the judgment upon the ground that the judgment was taken upon a warrant of attorney for more than the amount due from the defend-

ant to the plaintiff, for the reason that defendant was not indebted in any amount to plaintiff upon the note described in the petition and upon which judgment was rendered. The motion also alleged that the defendant had a good and sufficient defense to the note described in the petition.

Thereafter, on April 6, the motion came on for hearing and was submitted to the court upon the answer which the defendant sought to file in the action and which was presented to the court as an affidavit in support of the motion. No other evidence was offered. Whereupon the court found that the answer tendered and offered in evidence did not contain facts sufficient to constitute a defense to the petition, and overruled the motion to vacate the judgment. To this action of the Court of Common Pleas the defendant excepted and filed his petition in error in this court to reverse the judgment.

The record shows that the judgment was regularly entered against the defendant upon the cognovit note, and the question addressed to this court is: Did the Court of Common Pleas abuse its discretion in declining to set aside and vacate such judgment?

It is not claimed by the plaintiff in error that there was any error in computation whereby the judgment was entered for a larger amount than was properly due upon the promissory note. His contention is that by reason of a complete defense to the note there was nothing due from him upon the note, and, therefore, that a judgment for any amount would be for an excessive sum. It may be said, in view of the fact that the judgment was taken without notice to the defendant, that an an-

swer tendered within a reasonable time, which shows a good and valid defense, would call upon the court to permit the filing of the answer and the proving of such defense. We have therefore examined the answer with care to determine whether the facts set forth therein and relied upon as a defense are sufficient to constitute a defense. In his answer the defendant claims that the bank had loaned money in the sum of $10,000 to a corporation known as the Griswold Wagg Motor Company; that in order to permit that corporation to continue its business and save to the bank the loan already made it was thought to be necessary to make an additional loan to the Griswold Wagg Motor Company of $10,000. He alleges that the bank was willing to make this loan, but could not do so because an additional loan of that amount would be in excess of the amount which the bank was permitted to loan to one individual. He says that the bank stated to him that it would make the loan if he, Roberts, would sign a "paper writing," so that the loan of $10,000 to the company might be made ostensibly to him and thus deceive the national bank examiners, and prevent such examiners from ascertaining the fact that an excessive loan had been made to the Griswold Wagg Motor Company, and he says that he did sign a "paper writing" pursuant to such representations and pursuant to an agreement then made between the bank, the Griswold Wagg Motor Company and himself, to the effect that the "paper writing" was not to be considered as a promissory note of the defendant but as one merely signed as an accommodation to the bank so as to permit it to make a loan to the company in the sum of $10,000, and

so as "to have such loan appear on the books of the plaintiff in the name of the defendant instead of said company, so as to avoid discovery by the national bank examiners of the fact that the plaintiff had loaned to the said company a sum in excess of ten per cent. of the capital stock and surplus of the plaintiff."

He further alleges in the answer facts concerning the renewal of the "paper writing," the payment of interest by the corporation, the affixing of revenue stamps, etc. He also alleges that the bank is not insolvent, that its capital stock is unimpaired, and that no rights of third persons have intervened, and says that "said paper writings were used by the plaintiff for the sole purpose of concealing the real transaction between the defendant and said company as hereinbefore set forth."

The court finds that there are two grounds which require an affirmance of the judgment of the Court of Common Pleas. In the first place the defendant in the Court of Common Pleas presented himself to the court asking that a judgment which had been formally and regularly entered be set aside. The reason assigned for this was that the instrument, which is referred to in the answer presented as a "paper writing," but which in fact was the promissory note with the warrant of attorney attached, was executed by him for the purpose of enabling the bank to perform an act in violation of the national banking laws and to deceive the national bank examiners. It is difficult to see how such an appeal could be granted upon any ethical or legal grounds. It is contended that although a loan was made by the national bank in

excess of the amount permitted by law, the bank nevertheless is not precluded from collecting the full amount of the loan. In this sense the transaction is not illegal and void, but when a defense is sought to be interposed to a note entirely upon the ground that it was executed at the request of the bank for the sole purpose, so far as the defendant was concerned, of enabling the bank to avoid the law and to deceive the examiner, we hold that the transaction is so far tainted with illegality as to preclude the defendant from interposing any such defense to the action.

Secondly, we find that in order to prove the defense pleaded it would be necessary to violate the well-settled rule which precludes the admission of parol testimony to alter or vary the terms of a written contract. In this action it is conceded that in order to establish this defense it must be proved by parol evidence. The general rule is so well recognized that a citation of authorities would seem to be unnecessary.

In *Cummings* v. *Kent*, 44 Ohio St., 92, it was held that evidence of a parol agreement prior to, or contemporaneous with, the drawing and delivering of a bill of exchange, to the effect that the drawer is not to be liable as such, is inadmissible. In *Beecher* v. *Dunlap*, 52 Ohio St., 64, it was held that evidence of a parol agreement made at the execution and delivery of a note, which tended to vary the terms of the written instrument, was inadmissible. To the same effect are *Cassilly* v. *Cassilly*, 57 Ohio St., 582, and *Martin* v. *First Natl. Bank*, 30 C. C., 398.

It is not claimed in this case that the defendant Roberts was induced to sign the note by a trick,

or by any fraud upon the part of the bank. The entire transaction was made known to him and the paper was voluntarily signed by him. Therefore those cases which sustain the admission of evidence tending to show that an instrument was obtained through fraud or misrepresentation or by trick have no application. The general rule of law is well settled that parol evidence is admissible to show that a bill or note, absolute in form, although delivered to the payee, was not to become a binding obligation except upon the happening of a certain event. Such was the holding of the Circuit Court in Lucas county in the case of *Starr Piano Co.* v. *Edgar,* 12 C. C. (N. S.), 37, and the Court of Appeals in Cuyahoga county announced the same principle in *Shive* v. *Merville,* 1 Ohio App., 33, 34 C. C., 193. Clearly the admission of such evidence as would be required to sustain the facts pleaded in the answer would be against the very great weight of authority, and, unless the rule has been changed by legislative enactment, would be inadmissible. It has been urged that in some cases in other jurisdictions such evidence was held competent under the negotiable instrument act. Section 8121, General Code, provides, among other things:

"In such case, the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument."

The facts stated fail to show any conditional delivery, and the only thing that could be claimed for the defendant under this statute would be that the note was delivered for a special purpose only. But it will be noted that the statute as quoted con-

tains the limitation that the conditional delivery or delivery for a special purpose can be shown when such delivery is not for the purpose of transferring the property in the instrument. Clearly the property in the instrument signed in the instant case was to pass to the bank. Otherwise it would be of no use to the bank, and the purpose for which the instrument is said to have been executed would fail. We think the case in principle is very like that of *Niblack, Recr.*, v. *Frank*, 209 Ill. App., 162. The court in that case declined to apply the statute in a similar transaction which was sought to be justified by the negotiable instruments act. It would seem to be unnecessary to further discuss the cases bearing upon this subject.

The matter has received much attention by courts, and the cases are collected in a very extensive note under *Vincent* v. *Russell*, 20 A. L. R., 417. In that note attention is called to the fact that in Pennsylvania the rule as to the admission of parol evidence to vary the terms of a written instrument does not prevail. Concluding the note, the author states that there are some cases that take the view that an oral agreement that a note was delivered for some special purpose, or was not to become an obligation, is admissible. The cases so holding are collected and discussed. The case of *Storey* v. *Storey*, 131 C. C. A., 269, 214 Fed., 973, is there discussed. This was a decision made by the U. S. Circuit Court of Appeals for the Seventh District, in which Section 8121, General Code of Ohio, was construed, and it was held by that court that under the facts and circumstances of the case evidence that the note was only

intended as an evidence of advancements made by a father to his son, and that the delivery of the note was not made with the intention of passing the property therein to the payee, might be shown. In the course of the opinion in that case, at page 271, it is said:

"Section 16 of the Negotiable Instrument Act is merely a codification of the general law in that respect as established by preponderant and sound authority."

Certainly the general law in that respect, as established by the very great weight of authority in the United States and by all of the authority in the state of Ohio, is that such evidence as is requisite to establish the facts pleaded in the answer in this case is inadmissible. It is said that the answer shows that there was no consideration for the note. We think this contention is not sound for the reason that the loan of $10,000 to the Griswold Wagg Motor Company was made only because of the giving of this note, and this constitutes sufficient consideration to sustain the note.

For the reasons stated the judgment will be affirmed.

*Judgment affirmed.*

RICHARDS and KINKADE, JJ., concur.