**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 22-1032, 22-1033
_____

UNITED STATES OF AMERICA

v.

ERIC CLANCY
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Nos. 2-17-cr-00031-001, 2-19-cv-0004)
District Judge: Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on October 18, 2022

Before: GREENAWAY, JR., MATEY and ROTH, *Circuit Judges*

(Filed: November 17, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

MATEY, *Circuit Judge*.

Eric Clancy appeals the denial of his motion claiming ineffective assistance of counsel. Finding no error, we will affirm.

**I.**

Clancy pleaded guilty to narcotics and firearms offenses in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 924(c)(1)(A)(i). Denying Clancy's request for a variance, the District Court sentenced Clancy to ninety months incarceration, a term within the Advisory Guidelines' range.

Clancy did not appeal, a decision he blames on his counsel Kenneth Haber. So he filed a motion under 28 U.S.C. § 2255 to vacate his sentence alleging ineffective assistance. The District Court held an evidentiary hearing on the motion, and Clancy and Haber testified. Both told a similar story. Clancy testified that, after the District Court announced his sentence, he asked Haber, "we're appealing, right[?]" App. 249. Haber repeatedly testified he did not hear that question. But he explained that, requested or not, he would have filed a notice of appeal, or at least discussed the possibility with Clancy, if he thought meritorious grounds existed. Finding Haber's representation was not deficient, the District Court denied the motion but certified two issues for appeal:

> (1) whether counsel has—and in this case had—a constitutional duty to consult with the Defendant regarding an appeal when the Defendant 'reasonably demonstrates' an interest in appealing but counsel does not know or have reason to know of that interest; [and] (2) whether on the factual record here, counsel nonetheless had a duty to make inquiry of the Defendant

2

on the topic of an appeal regardless of whether counsel was aware of the Defendant's subjective interest in appealing.[1]

App. 34. Finding no error on either, we will affirm.[2]

## II.

Ineffective assistance requires an objectively deficient performance that prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When a defendant claims counsel failed to file an appeal, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). "[T]he prejudice inquiry we have described is not wholly dissimilar form the inquiry used to determine whether counsel performed deficiently in the first place." *Id.* at 486. Nonetheless, the inquiries are distinct. "To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal. But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an

---

[1] The parties dispute the wording of the issues in the certificate of appealability. We do not perceive the same ambiguity and, in any event, "the merits panel may expand the certificate of appealability as required in the circumstances of a particular case." 3d Cir. L.A.R. 22.1(b). Accordingly, we consider whether Haber had a duty to discuss a possible appeal with Clancy whether or not counsel was aware of Clancy's interest.

[2] The District Court had jurisdiction under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. "In a [§ 2255] proceeding, we exercise plenary review of the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings." *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014) (quoting *Lambert v. Blackwell*, 134 F.3d 506, 512 (3d Cir. 1997)).

appeal." *Id.* As the District Court properly concluded, Clancy does not meet this requirement.

To begin, the District Court found that Haber "didn't hear Mr. Clancy," and did not "otherwise know of an interest on Mr. Clancy's part in an appeal." App. 21. These were factual determinations reached after a full hearing that we will not disturb.

Nor did Haber have a duty to consult Clancy about a possible appeal given the totality of the circumstances. *Flores-Ortega*, 528 U.S. at 480 (holding that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing"). As the District Court explained, Clancy's sentence was at the lower end of the guidelines range, and his plea agreement contained a broad appellate waiver. The above facts show that "a reasonable lawyer in Mr. Haber's shoes did not have reason to conclude that a rational defendant in Mr. Clancy's position would have wanted to appeal." App. 29.

It is not enough to argue, as Clancy does, that Haber should have confirmed the decision to forgo an appeal. His counsel discussed the plea agreement before sentencing, and Clancy knew that he might not succeed on his motion for a variance. And the plea agreement explained the Government could file an information establishing a prior

4

conviction leading to a more significant sentence.[3] On those facts, we cannot find error in the District Court's conclusions.

## III.

For these reasons, we will affirm the District Court's judgment.

---

[3] The Government also stated, without objection, that it would file the information after the plea hearing. Nor was this argument raised before the District Court.