James J. MOORE, Appellant,

v.

UNITED STATES of America.

No. 77-1315.

United States Court of Appeals, Third Circuit.

Submitted Jan. 3, 1978.

Decided Feb. 22, 1978.

**180**

James Moore, pro se.

John J. Barry, Asst. U. S. Atty., Jonathan L. Goldstein, U. S. Atty., Maryanne T. Desmond, Chief, Appeals Div., Newark, N. J., for appellee.

Before ADAMS, GIBBONS and GARTH, Circuit Judges.

OPINION OF THE COURT

ADAMS, Circuit Judge.

This appeal presents the question whether, when a petitioner alleges that his sentence was based on a presentence report containing false information and such information was relied upon in fashioning the punishment, a hearing is required to determine the validity of these charges. Inasmuch as there has been no hearing, although there should have been one in the circumstances here, it is necessary for the petition to be dismissed and for the matter to proceed to an appropriate hearing.

I.

Petitioner, James Moore, was indicted on June 25, 1969, on charges of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). He was convicted after a jury trial on all counts of the indictment. Subsequently, on June 3, 1970, Moore was sentenced to a prison term of twenty-five years, which was the maximum period of incarceration provided by the statute.

On September 17, 1976, Moore filed a *habeas corpus* petition pursuant to 28 U.S.C. § 2255, seeking to have his sentence vacated. Moore's petition was bottomed on the proposition that the presentence report utilized by the judge in the course of formulating the sentence contained materially incorrect information about him.

In opposing Moore's *habeas* petition, the U. S. Attorney filed with the court a letter memorandum, in lieu of a formal brief, in which the government attorney candidly wrote:

*Although I have not had an opportunity to review petitioner's presentence report,* based upon the vituperative language and barren assertions contained in petitioner's petition, *it appears that the allegations contained therein are frivolous and absurd.* Moreover, petitioner's allegations are totally unsubstantiated by any documentation. (emphasis added)

Apparently on the basis of no submissions other than Moore's *pro se* petition and the government's letter, and in the absence of a

hearing on the matter, the district court on October 26, 1976, denied Moore's motion. Without making any findings of fact, the district judge concluded as a matter of law that the petitioner had failed to state a claim on which relief could be granted.

Moore sought a rehearing on November 4, 1976. He stressed in particular that the district court's order did not conform to the dictates of 28 U.S.C. § 2255, which provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make the findings of fact and conclusions of law with respect thereto.

The district court, in response to Moore's petition for reconsideration, on January 10, 1977, ruled once again that Moore had failed to state a claim on which relief could be granted. From that decision, Moore filed a timely notice of appeal.

In his *pro se* brief on appeal, Moore suggests that at the time of sentencing, he was unaware of the contents of the presentence report. He became aware for the first time of the data included in that report, he declares, after spending six years in prison, when he received a copy of the "Classification Summary" issued by the Bureau of Prisons. This summary is described by Moore as containing portions of the presentence report, and the government does not question that allegation. Under the heading, "Character Traits—Negative," the following comments appear in the Classification Summary:

> Three known Armed Robberies. Kidnapped a Policemen. (Sic) Long record. Violent. Has beat and shot several people. One died. No employment record. Member of a 'Black Mafia' who took over businesses by threat and also purchases

by use of money taken in bank robberies. The black community of Newark, New Jersey was terrorized by this gang. Several charges are pending.

Moore insists that the statement in the Classification Summary that he had beat and shot several people, and that one died, is utterly false. He also maintains that, contrary to the assertion in the Classification Summary, he had not been a member of a "Black Mafia" in Newark. Because of the alleged existence of major falsities in the undisclosed presentence report, on which the trial court was said by Moore to have relied in imposing the punishment, Moore argues that the procedure by which he was sentenced violated his right to due process. In response, the government urges that Moore's petition is frivolous, and does not raise the possibility of a denial of the defendant's constitutional rights.

## II.

In resolving the dispute between the parties, the initial matter to be considered is the nature of the legal standard governing a challenge to a sentence such as the one raised by Moore. Once the applicable law has been elaborated, we must inquire whether the district court in the present case may be said to have erred in ruling, in a summary fashion, that Moore has not stated a claim on which relief could be granted.

## A.

■ With respect to sentencing generally, the traditional view is that a district court possesses wide-ranging discretion.[1] Yet, the exercise of such discretion is not completely immune from review by appellate courts, particularly in the area of sentencing procedure. Indeed, "the careful scrutiny of the *judicial process* by which the particular punishment was determined" is "a necessary incident of what has always

---

1. *See United States v. Tucker,* 404 U.S. 443, 446–447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Gore v. United States,* 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); *United States v. Fessler,* 453 F.2d 953, 954 (3d Cir.

1972). *See also United States v. Lee,* 532 F.2d 911, 916 (3d Cir. 1976); *Government of Virgin Islands v. Richardson,* 498 F.2d 892, 894 (3d Cir. 1974).

been appropriate appellate review of criminal cases." [2]

One of the major facets of the sentencing process is the collection of data about a defendant's experiences and tendencies in order to aid the trial court in setting the penalty for his offense. Underlying the gathering of such information about an accused is the philosophy of individualized punishment, which is based on the thought that it is appropriate to tailor a sentence as closely as possible to the circumstances of a particular defendant.[3]

The notion that a trial judge should be allowed to consider a wide range of information about a defendant in imposing a sentence is evidenced in 18 U.S.C. § 3577. That statute provides that:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

Further, the idea that criminal punishment should rest upon an informed view of a defendant's background undergirds Rule 32 of the Federal Rules of Criminal Procedure, which provides for the presentence investigation of a defendant.[4]

An abiding concern about the use by a trial judge of material derived from a presentence investigation is that it may contain false or unreliable information about a defendant. Under the Federal Rules of Criminal Procedure, this danger is somewhat alleviated by the provision in Rule 32(c)(3)(A) that, with certain specified exceptions, a trial court upon request shall permit the defendant or his attorney to see the presentence report "exclusive of any recommendation as to sentence." [5]

■ However, at the time that Moore was sentenced, the provision in the Federal Rules of Criminal Procedure requiring the disclosure upon request of presentence reports to defendants or their counsel was not in force. And the sentencing judge did not, in the exercise of his discretion, make known to Moore the information contained in such report. Consequently, the controversy presented by this case is controlled not by rules of procedure, but rather by principles of fairness articulated in cases dealing with the due process limitation on the use by a sentencing judge of false or unreliable data about a defendant. The due process prohibition on the utilization of false information regarding a defendant was first set forth in *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).

In *Townsend*, the Supreme Court wrote:

> (T)his prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue.

---

**2.** *Dorszynski v. United States*, 418 U.S. 424, 443, 94 S.Ct. 3042, 3053, 41 L.Ed.2d 855 (1974), *quoting United States v. Hartford*, 489 F.2d 652, 654 (5th Cir. 1974) (emphasis in original).

**3.** *See, e. g., Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

**4.** Rule 32(c)(2), Federal Rules of Criminal Procedure, states:

The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court.

**5.** Rule 32(c)(3)(A), Federal Rules of Criminal Procedure, provides:

Before imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons; and the court shall afford the defendant or his counsel an opportunity to comment thereon and, at the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report.

Such a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand.[6]

■ The principle adumbrated in *Townsend*—that a defendant should not be sentenced on the basis of information about him that is materially incorrect—has not been confined to situations in which a defendant can point to undisputed data that serves directly to invalidate some aspect of the presentence report. Rather, courts have extended the *Townsend* precept to situations in which the information utilized by the sentencing judge was so unreliable or untrustworthy—even if not plainly false—that it would be unfair to proceed with sentencing on the basis of it. Thus, in *United States v. Weston*, 448 F.2d 626, 633–634 (9th Cir. 1971), cited with approval in *United States v. Metz*, 470 F.2d 1140, 1142 (3d Cir. 1972), *cert. denied*, 411 U.S. 919, 93 S.Ct. 1558, 36 L.Ed.2d 311 (1973), the Court stated with regard to the use in sentencing of information about a defendant's other criminal conduct:

6. 334 U.S. at 741, 68 S.Ct. at 1255. The analysis in *Townsend* was mentioned with approval by the Supreme Court in *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). *See also Ross v. United States*, 531 F.2d 839, 841 (7th Cir. 1976) ("(I)t is proper for an appellate court to vacate a sentence when the record indicates that information relied upon by the trial judge when sentencing was erroneous . . . ") *United States v. Espinoza*, 481 F.2d 553, 555 (5th Cir. 1973); *United States v. Weston*, 448 F.2d 626, 631–632, 634 (9th Cir. 1971); *Baker v. United States*, 388 F.2d 931, 933–934 (4th Cir. 1968); *United States ex rel. Jackson v. Myers* 374 F.2d 707, 710–711 (3d Cir. 1967).

Cf. *United States v. Janiec*, 464 F.2d 126 (3d Cir. 1972) (holding that a list of prior convictions named in a presentence report must be disclosed to the defendant, or the trial judge must disclaim any reliance on the report in reaching a conclusion as to sentencing). In *Janiec*, 464 F.2d at 130–131 n. 11, this Court showed a marked sensitivity to the possibility of error in the presentence report's list of prior crimes, writing:

(I)t should be noted that it seems inevitable that errors are bound to occur within the list of prior convictions. Our society is highly mobile. *Our judicial system and record*

[W]e believe that other criminal conduct may properly be considered, even though the defendant was never charged with it or convicted of it. Its relevance to the problem before the judge, 'what sort of person is this defendant, and what sort of sentence should she receive?' is apparent. But that does not solve our present problem. Here the other criminal conduct charged was very serious, and *the factual basis for believing the charge was almost nil.*

. . . . .

In *Townsend v. Burke, supra*, the Supreme Court made it clear that a sentence cannot be predicated on false information. *We extend it but little in holding that a sentence cannot be predicated on information of so little value as that here involved. A rational penal system must have some concern for the probable accuracy of the informational inputs in the sentencing process.* (emphasis added)

As *Weston* makes clear, when the information included in a presentence report, on which a sentence is founded at least in part, is unreliable, due process requires that a defendant be resentenced.[7]

keeping is fragmented . . . *Probation officers are also subject to the pressures of an escalating criminal case load. They are also limited by the time, staff and means of checking possible errors in criminal records in other parts of the country.* Frequently, much of the checking is dependent upon the hazards and uncertainties of oral confirmation by telephone with unknown, distant governmental functionaries. (emphasis added)

7. In relation to the principle that due process mandates that a sentence not be based on materially inaccurate or unreliable information, two main issues have arisen. First, appellate courts have been concerned with distinguishing between kinds of information in terms of their reliability. In *United States v. Metz*, 470 F.2d 1140 (3d Cir. 1972), *cert. denied*, 411 U.S. 919, 93 S.Ct. 1558, 36 L.Ed.2d 311 (1973), for instance, when the presentence report in question included information that the defendant was under indictment for three other offenses, this Court held that the pending indictments were of sufficient reliability to warrant their consideration by a sentencing judge. The *Metz* Court distinguished *United States v. Weston*, 448 F.2d 626 (9th Cir. 1971), where the presentence report contained unsworn and unverified statements by a faceless informer. *Weston*

### B.

In view of the due process limitation on the use by a sentencing judge of false information about a defendant, Moore maintains that he has a right to have his sentence vacated. Our task in analyzing his contention is made more difficult by the fact that the record in the present case does not include either a copy of the presentence report submitted to the trial judge, or a transcript of the sentencing proceedings. Also, the trial court, in passing upon Moore's *habeas* petition, did not make findings of fact relating to the charges brought by Moore.

■ Since we deal here with the dismissal of a *habeas* petition with no hearing or affidavits that expand the record, we must take as true the allegations of the petitioner, unless they are clearly frivolous.[8] Such a rule is especially appropriate in this case, for the petitioner is proceeding *pro se.* Thus, we must assume that it is false that Moore beat and shot several people, that one died, and that Moore was a member of a "Black Mafia" in Newark. In addition, we must assume, at least preliminarily, that the sentencing judge in fact relied upon this data in fashioning Moore's sentence.

■ On these premises, which must be accepted at this stage of the proceedings, it appears that Moore's position falls squarely within the reach of the principle enunciated in *Townsend.* Certainly, if Moore's allegations are valid, the purposes of the due process limitation at issue here would be served by an order vacating his sentence. For the aims of the due process restriction are to guarantee the accuracy of the sentencing process and thereby of the criminal justice system as a whole, and to help avoid the irrationality and unfairness inherent in a system in which a criminal penalty is designed for an individual whose characteristics differ from those of the person on whom punishment actually is imposed. And if Moore in fact were sentenced on the basis of an understanding about other criminal behavior that was fundamentally incorrect, the values of accuracy, rationality and fairness in the criminal process as it bore upon Moore were jeopardized.

Thus, in our view, the district court did err in ruling summarily that Moore had not stated a claim on which relief could be granted.

The government, in opposition to such a conclusion, insists that Moore's objection to his sentence is frivolous, and that even if it were not totally without merit, it is so unsubstantiated as to deserve little attention by us.[9] The weakness in the govern-

---

had held that the sentence resting on such unreliable data should be vacated.

Second, appellate courts have been called upon to consider the requirement that a sentencing judge must have relied upon the allegedly false or unreliable information under attack. For example, in *United States v. Allen*, 494 F.2d 1216, 1218 (3d Cir. 1974), this Court held that a sentence imposed on a defendant was not illegal on the ground that unsubstantiated statements in a letter relating to other offenses violated defendant's constitutional rights, where the sentencing judge explicitly stated before sentencing that he was *not* relying on the allegations in the letter. *See also United States v. Doyle*, 348 F.2d 715, 722 (2d Cir.), *cert. denied*, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965) (stressing that the trial court had noted that, in sentencing, it had placed no great weight on the challenged information; as the appellate court said, ". . . there is not the slightest reason to doubt that the trial judge meant what he said in specifying the basis for his sentence.")

8. *See Blackledge v. Allison*, 431 U.S. 63, 75–76, 78, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

9. The government further argues that Moore did not carry his burden of raising a question about the falsity of the information contained in the presentence report. Yet, in our view, Moore's allegations are sufficient, at this stage of the case, to raise serious doubt about the validity of his sentence.

The government refers to *United States v. Espinoza*, 481 F.2d 553, 556 (5th Cir. 1973), for the proposition that ". . . where a sentencing judge *explicitly relies* on certain information in assessing a sentence, fundamental fairness requires that a defendant be given at least some opportunity to rebut that information." (emphasis in original) But in fact, *Espinoza* reaffirms the importance of the due process limitation relied upon by Moore. For in referring to *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the *Espinoza* court notes:

Implicit in the Court's holding in *Tucker* is the principle that despite the broad discretion

ment's stance is that the district court made no findings on the basis of which it may be said that Moore's argument is frivolous. Consequently, this case is unlike *Carbonaro v. United States,* 461 F.2d 1108 (8th Cir. 1972), relied on by the government, where the appellate court held that there was no need to vacate a sentence when the presentence report had stated that the defendant "comes from a notorious family of hoodlums." The defendant in *Carbonaro* had raised an objection to the presentence report in a *habeas corpus* petition, and the district court specifically had concluded that it was satisfied that "no fact material to this petition is in dispute even reading the petition as favorable to petitioner's cause as possible . . ." (sic) 461 F.2d at 1109.

In the present case—where Moore's *habeas* petition was dismissed without a hearing, and in the absence of any findings of fact to support the government's position—we cannot say that Moore's claims are trifling. Whether or not there is factual support for Moore's allegation should be the subject of further proceedings before the trial court.

### III.

We have concluded that there should have been a hearing in the present situation. And if in the course of a hearing Moore's claims are borne out, he should be resentenced.[10]

Accordingly, the matter will be remanded to the district court for further proceedings in conformity with this opinion.

left to the trial judge in assessing background information for sentencing purposes . . . a defendant retains the right not to be sentenced on the basis of invalid premises. 481 F.2d at 555. In addition, when the court in *Espinoza* speaks of "explicit" reliance by the trial court on certain data about the defendant, it is referring to a situation in which the trial judge says openly that he is relying on some bit of information in the presentence report; in such a case, *Espinoza* indicates, the defendant has a right to have an opportunity to rebut that information. That discussion in *Espinoza* is irrelevant to the situation that concerns us, for there is no evidence here that the trial court stated explicitly that it relied upon the data in question.

10. If the district court determines after additional proceedings that there is a factual basis for Moore's objection, and thus that his sentence is violative of due process, Moore must be resentenced. If there is to be resentencing, the court should state the grounds of the penalty ultimately imposed. *Cf. United States v. Moore,* 176 U.S.App.D.C. 309, 312–313, 540 F.2d 1088, 1091–1092 (1976) (separate statement of Bazelon, C. J.); *McGee v. United States,* 462 F.2d 243, 247 (2d Cir. 1972); *United States v. Latimer,* 415 F.2d 1288, 1290–1291 (6th Cir. 1969). *See generally United States v. Bazzano,* 570 F.2d 1120, Nos. 76–2584—76–2588 and No. 76–2628 (3d Cir., filed December 21, 1977) (concurring opinion).