UNITED STATES of America, Plaintiff,

v.

Anthony Ivory BATTLE, Defendant.

Anthony Ivory BATTLE, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. CR-3-74-35, CR-3-74-36 and C-3-80-263.

United States District Court, S. D. Ohio, W. D.

Feb. 27, 1981.

James A. Wilson, Senior Asst. U. S. Atty., Dayton, Ohio, for plaintiff and respondent.

Anthony Ivory Battle, pro se.

Thomas A. Schaffer, Atty., Dayton, Ohio, for defendant and petitioner.

DECISION AND ENTRY ON NUMEROUS MOTIONS FILED BY THE DEFENDANT PURSUANT TO 28 U.S.C. § 2255; CERTAIN MOTIONS OVERRULED; PROCEDURES SET FORTH ON REMAINING MOTIONS; DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS SUSTAINED; COUNSEL APPOINTED TO REPRESENT DEFENDANT

RICE, District Judge.

The captioned cause is before this Court upon a motion seeking relief from sentence pursuant to 28 U.S.C. § 2255. Defendant was sentenced to two concurrent five year terms in federal custody, in 1974, upon conviction for violations of 18 U.S.C. § 495 and 18 U.S.C. § 751(a). Defendant challenges those sentences in the instant action for the reason that the sentencing judge allegedly considered material misinformation contained in the presentence investigation and from other sources at the time the sentences were imposed.

At the present time, the Court is confronted with sixteen motions growing out of the Defendant's initial section 2255 request. The larger part of these motions are patently without merit, wholly extraneous, or premature, while a select few appear meritorious and require extended deliberation in their disposition in order that De-

fendant's basic claim for relief might not, thereby, be adversely affected. Therefore, in order to reinject some sense of order into what has become a voluminous and confused record, the Court will first separate and briefly address those motions which are deemed to fall within the first category, and then proceed to deal with matters in the second category (including further appropriate procedures), essential to a proper consideration of Defendant's basic claim for relief, herein.

Accordingly, the Court finds that the following matters need not be extensively addressed at the present time, and decisions are hereby entered thereon for the reasons briefly stated (docket numbers are those assigned in CR-3-74-35; unless otherwise indicated, citations are to the *Rules Governing Section 2255 Proceedings*, 28 U.S.C. fol. § 2255):

(1) Defendant's motion seeking an order of the Court "fixing an omnibus hearing date" (doc. # 13): *Overruled.* This matter is premature in view of the fact that no Orders have been entered pursuant to Rules 4(b), 5(b), or 7(a), and a determination of the need for a hearing (much less its scheduling) pursuant to Rule 8(a) is, therefore, not yet warranted;

(2) Defendant's petition seeking a writ of habeas corpus ad testificandum (doc. # 14): *Overruled.* This matter is premature in view of the prematurity of (1), above;

(3) Defendant's motion seeking an Order of the Court requiring an evidentiary hearing (doc. # 17): *Overruled.* See (1) above;

(4) Defendant's motion seeking an Order of the Court granting "leave to file" interrogatories (doc. # 19): *Overruled.* Upon examination of the proposed interrogatories, the Court finds that they are inartfully drafted, admitting of (indeed, inviting) responses which would serve of no benefit to the Defendant in pressing his claim, or to the Court in addressing the merits of said claim in a Rule 8(a) determination. In view of this Court's action on Defendant's request for counsel,

below (who may aid Defendant in the "effective utilization of discovery," Rule 6(a)), this motion is overruled at the present time *without prejudice to a further* motion supported by a proper showing of good cause;

(5) Defendant's motion seeking an Order of the Court entering judgment on the pleadings or, in the alternative, ordering a plenary hearing (doc. # 21): *Overruled.* Although a motion for judgment on the pleadings may be a useful device in a section 2255 proceeding under some circumstances, *cf.* Rule 12; F.R.C.P. 12(c), it is inappropriate where, as herein, the record before the Court does not conclusively indicate that the movant's sentences are constitutionally defective. Further, contrary to the Defendant's contention, the Government's "pleading" does controvert the fact that material misinformation was considered during the sentencing process. With respect to the alternative request for a "plenary hearing," see (1), above;

(6) Government's motion seeking an Order of the Court quashing a subpoena duces tecum (doc. # 22): *Sustained.* The subpoena in question was improvidently issued at Defendant's request, by the Clerk of this Court, without the Court's authorization. Any requests for documents between parties to this matter is "discovery," and discovery may not be had without prior leave of Court upon a showing of good cause. Rule 6(a). Defendant did not obtain leave to subpoena or otherwise request documents from the Government before causing the subpoena to issue;

(7) Defendant's motion seeking an order of the Court requiring the United States Attorney to show cause why he should not be held in contempt (doc. # 24): *Overruled.* The attorney in question has not misbehaved, or disobeyed or resisted any Order of this Court. Contrary to Defendant's contention, the Court's letters of July 1, 14, and 29, 1980 (multiple letters being a result of Defendant's motion being assigned to three numbered cases), did not require the Government to file an answer to Defendant's section 2255 motion, but merely inquired into the "traditional" extent of the Government's participation in the preliminary phase of proceedings on such motions. The 14-day reply time "established" in those letters was expressly conditioned upon whether the Government had, in fact, "traditionally" become involved in Rule 4(a) consideration of section 2255 motions (which, as it turned out, was simply not the case);

(8) Defendant's petition seeking *a writ of mandamus or prohibition, motion seeking* leave to file same, and motion seeking leave to proceed in forma pauperis in filing same (doc. # 25): *Overruled.* A writ of mandamus or prohibition *directed to the Court* should be requested from the Court of Appeals. *Cf.* F.R.App.P. 21. Since an application for such writ would commence an *original action* at the appellate level, leave to file same is not required from this Court. Further, leave to proceed in forma pauperis *in such original action* should not be requested, herein, but may be obtained directly from the Circuit Court;

(9) Defendant's motion seeking an Order of the Court compelling discovery and answers to interrogatories by the Government (doc. # 27): *Overruled.* See (6), above;

(10) Defendant's motion seeking an Order of the Court "dismissing the Government's response" to Defendant's initial and amended section 2255 motions (doc. # 29): *Overruled.* If Defendant's intent is to have the Government's "response" stricken, then this motion might be construed as a request pursuant to Rule 12 and F.R.C.P. 12(f). However, this Court finds no F.R.C.P. 12(f) defect in the Government's "response," and none is presented by the Defendant. Nonetheless, in view of the substantive content of this motion, the Court deems that it should be considered as a "reply" to the Government's "response," and it will be so treated during the pendency of these proceedings.

As a result of the preceding rulings, only three matters remain for present consideration: (1) what further proceedings, if any, are necessary with respect to the disposition

of Defendant's section 2255 motion; (2) whether counsel should be appointed to represent the Defendant; and (3) whether the Defendant should be released on his own recognizance pending disposition of his motion.

As previously indicated, Defendant's initial motion (doc. # 12) alleges that various items of material misinformation were considered by the sentencing court at the time the sentences were imposed. The Court identifies those items as follows:

(1) misinformation about Defendant's activities immediately preceding one of the offenses charged, and misinformation about the specific subject matter of that offense;

(2) misinformation about the occurrence, and disposition of juvenile offenses by the Defendant, including offenses with respect to which Defendant lacked counsel, and misuse of confidential juvenile records in developing such information; and

(3) misinformation about prior adult criminal conduct, or criminal convictions of the Defendant.

Defendant has also supplemented his motion (doc. # 16) with the following items of alleged misinformation considered in sentencing (although Defendant requested leave to file an amended motion setting forth these items, it is clear that such amendment may be made, *and is considered to have been made*, as a matter of course without leave of Court, Rule 12; F.R.C.P. 15(a)):

(4) misinformation about the time at which and the circumstances under which Defendant allegedly began to engage in criminal activity; and

(5) misinformation indicating that Defendant had claimed "police brutality" upon arrest for one of the offenses charged.

█ It is settled that the consideration of material misinformation by the sentencing court in the sentencing process may constitute a deprivation of the constitutional guarantee to due process, under some circumstances, and that resentencing may, thereby, be required. *United States v.*

*Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Moore v. United States*, 571 F.2d 179 (3rd Cir. 1978). Although the Court can say with a degree of certainty, at this time, that some of the preceding items (even if assumed to be true, as this Court must so assume in preliminary consideration of the motion) do not, *individually*, suggest a due process defect in sentencing, this Court cannot now conclude that other of the items, *individually*, or all of the items, *collectively*, will not support that kind of constitutional claim. In other words, it cannot presently be said that "it plainly appears . . . that the movant is not entitled to relief," herein (i. e., resentencing). Rule 4(b).

As noted above, the Court has not yet entered a Rule 4(b) Order. However, the Court also notes that the Government sua sponte, has filed a "response" to Defendant's basic section 2255 claims, and that said "response" generally conforms to the requirements for an "answer" under Rule 5(a) (which the Court would have ordered under Rule 4(b)). Therefore, although the Court has determined that it does not "plainly appear [ ] . . . that the movant is not entitled to relief," it need not issue a Rule 4(b) Order requiring a Rule 5(a) answer.

However, while the Government's response does *generally* conform to Rule 5(a), certain of the specific information required by that rule does not appear in said response. More importantly, while it does appear that some of the transcripts and records relevant to the sentencing of the Defendant, as referenced in the memoranda of the Defendant and the Government, have been submitted in a scattered fashion and thereby made a part of the record in this matter, the Court cannot now readily ascertain or uniformly determine whether all such materials have been so presented, or upon which specific parts of such materials the parties (primarily, the Government) rely for their respective contentions.

Therefore, pursuant to Rules 5(b) and 7(a), it is Ordered that the Government supplement its "response" and, if necessary, expand the record, herein, by specifically briefing the Government's position on the following questions with respect to each of

the alleged items of misinformation (i. e., considering the items individually *and collectively*):

(1) Was the item of information actually considered by the sentencing court? (including, to the extent possible, references to the sentencing transcript indicating that the item was considered);

(2) Was the item of information, if considered, actually erroneous? (including, to the extent possible, references to the record or other documents from which the item was derived or developed);

(3) Was the item of information, if considered, improperly considered? (including reference either to prior convictions which are invalid for lack of counsel, or the effect of the confidentiality of juvenile records);

(4) Was the item of erroneous or improperly considered information material to the sentencing court's determination of the sentences imposed?

The Government's brief shall be submitted within 30 days. After the Government's brief is filed, the Defendant may within 20 days, thereafter, submit a reply memorandum, including any necessary additional materials not yet on the record, Rules 7(a), and 7(c), specifically addressed to the issues joined in the Government's brief. The Defendant may also choose to rely upon his prior submissions, herein.

When the parties' submissions are complete (or, if the Defendant advises the Court that he does not desire to reply, after the Government's brief is filed), the Court will enter into a determination, pursuant to Rule 8(a), regarding the need for an evidentiary hearing, or regarding such other disposition of Defendant's motion as justice then dictates.

The Defendant does not have an absolute right to appointed counsel in this matter prior to a determination that an evidentiary hearing will be necessary, but counsel may be appointed at an earlier stage, pursuant to 18 U.S.C. § 3006A(g), "if the interest of justice so requires." Rule 8(c).

The Court finds that the Defendant is financially unable to obtain representation.

In so finding, the Court also concludes that Defendant's motion, seeking an Order of the Court permitting him to proceed in forma pauperis, is well taken and is sustained.

Moreover, the Court finds that the proper presentation of Defendant's section 2255 motion, herein, would be significantly enhanced by counsel's aid. Therefore, the Court determines that the interest of justice requires that Defendant be furnished with Counsel, for the balance of the proceedings on this matter, pursuant to 18 U.S.C. § 3006A(g).

Defendant's motion seeking an Order of the Court furnishing the Defendant with representation is well taken and is sustained. Attorney Thomas Schaeffer is ordered appointed to represent the Defendant throughout the balance of these proceedings.

The Defendant's motion and supplemental motion (docs. # 18 and 20) seeking an Order of the Court, ordering his release from custody on his own recognizance during the pendency of these proceedings are not well taken and are overruled, each in its entirety.