John Steven BRYAN,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 80–4362.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 1981.

Decided May 22, 1981.

Dennis M. Nerney, Asst. U. S. Atty., San Francisco, Cal., for respondent-appellee.

Christina Arguedas, San Francisco, Cal., for petitioner-appellant.

Before MERRILL and FLETCHER, Circuit Judges, and HANSON,* District Judge.

MERRILL, Circuit Judge:

Following jury trial, appellant was convicted of violating 21 U.S.C. § 841(a)(1), distribution of a controlled substance, and 21 U.S.C. § 846, conspiracy to distribute a controlled substance. On appeal to this court the conviction was affirmed. *United States v. Bryan*, 567 F.2d 924 (9th Cir. 1978). The Supreme Court denied certiorari *sub nom. United States v. Baker*, 439 U.S. 818, 99 S.Ct. 80, 58 L.Ed.2d 109 (1978).

On December 10, 1979, appellant moved to vacate sentence under 28 U.S.C. § 2255. He alleged that his Fifth and Sixth Amendment rights to effective assistance of counsel had been violated by the existence of a conflict of interest on the part of his counsel. The district court denied the motion without evidentiary hearing on the ground that the record failed to indicate an actual conflict of interest or any prejudice to appellant's constitutional rights. This appeal followed.

Appellant's trial had been preceded by a motion to suppress evidence on the ground that it was fruit of an unlawful search. The law firm that represented appellant

* Honorable William C. Hanson, Senior United States District Judge of the Southern District of    Iowa, sitting by designation.

had, on a previous occasion in an unrelated matter, represented one Romero, who appeared at the suppression hearing as witness for the government. Prior to the hearing, counsel for appellant conferred with Romero respecting his forthcoming testimony. When counsel, on cross-examination of Romero, attempted to reconstruct this conversation, Romero denied making the statements counsel attributed to him. Counsel pressed Romero, reminding him that he was under oath and subject to a perjury charge. Romero stood firm.

Counsel then took the stand and testified to the substance of the conversation. He sought by his testimony to challenge the government's justification for a warrantless search of appellant's car and to suppress the evidence found therein. The government had justified the search on the ground that exigent circumstances were created by the presence of an unidentified green van in the vicinity of appellant's car which suggested that accomplices were nearby. Appellant's counsel testified that Romero had told him that he had been in the police station when a report came in over the police radio to the effect that government agents in a green van had appellant's car under surveillance.

Appellant contends that his counsel's prior representation of Romero constituted a conflict of interest adversely affecting his ability to cross-examine Romero. Appellant suggests that counsel might have had privileged information regarding Romero and that this might have hampered his efforts. He suggests also that counsel might have been reluctant to antagonize Romero, since Romero still owed money for legal fees.

In *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718 (1980), the Supreme Court held that "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." A potential conflict of interest does not suffice.

The court below, on this record, ruled that no actual conflict existed. We agree.

Romero was not called as a witness at trial. The only claim that conflict of interest could have adversely affected the performance of appellant's counsel concerns what Romero had heard over the police radio about the green van. However, counsel's vigorous examination of Romero on this issue, to the point of suggesting perjury, and then taking the extraordinary step of testifying himself in direct contradiction of Romero, in our view demonstrates as conclusively as anything can that there was nothing in the past representation of Romero that conflicted, or was felt by counsel to conflict, with his desire to get Romero's statement into evidence.

The recent case of *Wood v. Georgia*, —— U.S. ——, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981), does not require a contrary result. There, the record strongly suggested that actual conflict existed at the time of trial and that the trial judge should have inquired more forcefully. *United States v. Hearst*, 638 F.2d 1190 (9th Cir. 1980), is also distinguishable. In that case not only was a strong showing made of conflict of interest, but appellant charged that in three specific respects such conflict had an adverse effect on her counsel's performance. Here, appellant makes no showing as to how his counsel's examination of Romero might have been improved, or what further testimony might have been elicited.

We are satisfied that it was not error to deny appellant an evidentiary hearing on this issue. 28 U.S.C. § 2255 requires a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The bases for conflict of interest that appellant does offer are conclusionary and wholly without merit. *See United States v. Hearst, id.* at 1194.

Judgment affirmed.

FLETCHER, Circuit Judge, dissenting:

I dissent. I do not believe that the record before us is sufficient to show whether counsel's former representation of Romero created a conflict of interest. Accordingly,

I would reverse and remand for an evidentiary hearing.

I agree with the majority that no actual conflict of interest is shown on the present record. However, I think it impossible to conclude from this record that counsel's former representation of Romero did *not* create a conflict. Under 28 U.S.C. § 2255, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In *United States v. Hearst*, 638 F.2d 1190 (9th Cir. 1980), we stated that this standard "is essentially whether the movant has 'stated a claim on which relief could be granted' ... or, where affidavits have been submitted, whether summary judgment for the government is proper." *Id.* at 1194 (quoting *Moore v. United States*, 571 F.2d 179, 184 (3d Cir. 1978)).

Here, it is certainly possible that counsel possessed privileged information which affected his examination of Romero and his conduct of the case generally. Perhaps Romero would have been called as an adverse witness at trial, or perhaps different questions would have been asked at the preliminary hearing. It is true that appellant's allegations are not as specific as those in *Hearst*, but such a lack of specificity is to be expected from someone in appellant's position. Until and unless appellant is given an evidentiary hearing, the details of counsel's relationship with Romero will necessarily remain a mystery. We should not deny him a hearing simply because his allegations regarding counsel's conflict of interest are somewhat general.

The Supreme Court has recently reaffirmed "the duty of the court[s] to recognize the possibility of a disqualifying conflict of interest," *Wood v. Georgia*, —— U.S. ——, ——, 101 S.Ct. 1097, 1104, 67 L.Ed.2d 220 (1981). *Wood* involved an attorney who had been hired and paid by the defendants' employer, whose interests might not have been identical to those of the defendants. The Court remanded for an evidentiary hearing, stating that "[o]n the record before us, we cannot be sure whether counsel was influenced in his basic strategic decisions by the interests of the employer who hired him." —— U.S. at ——, 101 S.Ct. at 1103. We cannot be sure here that counsel's strategic decisions were not influenced by his prior representation of Romero. I would therefore reverse and remand for an evidentiary hearing.