

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-1996

# United States v. Tabares

Precedential or Non-Precedential:

Docket 95-5509

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"United States v. Tabares" (1996). *1996 Decisions.* Paper 152.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/152

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

`      UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


                        No. 95-5509



                  UNITED STATES OF AMERICA

                           v.

                    TABARES, FRANCIA
                 aka "Titora," "Chickie"

                    Francia Tabares,
                                  Appellant



          On Appeal from the United States District Court
                 for the District of New Jersey
               (District Court No. 94-cr-00406-6)



                    Argued May 23, 1996

              Before:  SLOVITER, Chief Judge, SAROKIN
        and OAKES, Circuit Judges



(Opinion Filed June 19, 1996)

Michael N. Pedicini (Argued)
Morristown, NJ  07960
         Attorney for Appellant

Faith S. Hochberg
  United States Attorney
Henry Klingeman (Argued)
  Assistant United States Attorney
Kevin McNulty
Office of United States Attorney
Newark, NJ  07102
         Attorneys for Appellee

                     OPINION OF THE COURT

SLOVITER, Chief Judge.


        Francia Tabares was one of the defendants charged in a

three-count Superseding Indictment on August 23, 1994, for their participation in a drug distribution ring. Tabares was charged in Count One with conspiracy to distribute and possession with intent to distribute more than 100 kilograms of cocaine, in violation of 21 U.S.C. 841(a)(1) and 846, and in Count Two with conspiracy to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. 841(a)(1) and 846. She was not named in Count Three, which charged a conspiracy to import cocaine.

Tabares pleaded guilty to Count One of the Superseding Indictment on March 28, 1995, and thereafter the court dismissed Count Two on motion of the government. In the plea agreement, the government and Tabares stipulated that if Tabares continued to recognize and affirmatively accept personal responsibility for her criminal conduct, she would be entitled to a two-point reduction in the overall offense level, pursuant to U.S.S.G. 3E1.1(a); that pursuant to 3E1.1(b)(1), she would be entitled to an additional decrease of one level for timely notifying the authorities of her intention to enter a plea of guilty; and that "the applicable guideline range for [her was] 50 to 150 kilograms of cocaine," resulting in an offense level of 36, pursuant to U.S.S.G. 2D1.1(c)(5). PSR 44.

The Probation Office used 2D1.1(c)(2) of the Sentencing Guidelines to calculate Tabares' base offense level at 36, from which she received a three-level downward adjustment for acceptance of responsibility. This yielded a total offense level of 33. Her criminal history category was I; thus, Tabares' guideline range was 135 to 168 months' imprisonment. U.S.S.G. Ch. 5, Pt. A. The district court imposed a sentence of 168 months' imprisonment, to be followed by a term of 5 years of supervised release.

II.

At the sentencing hearing, the district court stated:

Ms. Tabares, I've reviewed your record, and, frankly, it is not a record that one would say confers good standing on someone before this Court.

You know, for someone who allegedly is remorseful and respects the law, you said that the last time. You had an opportunity once before: You were convicted of a drug offense, you were sentenced to prison. You had an opportunity to learn what it means to be restricted of your freedom and to be away from your children, your family.

And you didn't learn from that experience.

And in reading the presentence report, it indicates that you were less than candid with the Probation Officer who prepared the report. Some places, you indicated you had a

        lapse of memory, but the overall view that a
        reader comes away with is that you're less
        than a candid individual.

            And there is really not much mercy that
        this Court feels in your situation.


Supp. App. at 13 (emphasis added).  The court also spoke about
the harm wreaked on purchasers of drugs by such criminal
activity.
        The court explained its decision to impose the maximum
sentence as follows:
            I imposed a sentence on the higher end
        of the guideline because you are not a first
        offender before this Court, and because of
        your prior drug offense, and because of your
        lack of candor with the Probation Department.

            I do not think that you are remorseful.
        And this is not the sentence that calls for
        the imposition of mercy.


Supp. App. at 15.
        Neither Tabares' counsel nor the prosecutor corrected
the court's statement that Tabares had previously been convicted
and served time behind bars.  Apparently, this first came to
light in this case in the supplemental brief filed by counsel for
Tabares in this court when he sought leave to withdraw the brief
he had filed pursuant to Anders v. California, 386 U.S. 738
(1967).  At that time, defense counsel called to our attention
the significant fact that Tabares had two prior arrests, but no
prior convictions.  The government does not disagree with these
facts.  Thus, we must decide what action is appropriate under
these circumstances.
        Tabares requests this court to remand for resentencing
on the ground that the district court's statement demonstrates
that the court sentenced Tabares in reliance on false or
unreliable information, in violation of her due process rights.
The government responds that although the district court's
statement at sentencing regarding a prior conviction was
technically incorrect, Tabares was not prejudiced by the error
and therefore we should not remand for resentencing.  Because
Tabares did not raise this issue in the district court, we review
the district court's sentence for plain error.  See United States
v. Olano, 507 U.S. 725, 731–37 (1993).
        To meet the plain error standard, Tabares must
demonstrate an "error" that is not only "plain" but also
"affect[s] substantial rights."  Fed. R. Crim. P. 52(b).  An
error will usually be considered to have affected substantial
rights when it is prejudicial and affected the outcome of the
district court proceedings.  United States v. Turcks, 41 F.3d
893, 897 (3d Cir. 1994) (citing Olano, 507 U.S. at 734), cert.

denied, 115 S. Ct. 1716 (1995).  The Supreme Court has instructed that "Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals." Olano, 507 U.S. at 732.  In Turcks, we said we would exercise our discretion "where the defendant is actually innocent, or where, regardless of the defendant's innocence or guilt, the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"  Turcks, 41 F.3d at 897 (emphasis added) (quoting Olano, 507 U.S. at 732).

In Townsend v. Burke, 334 U.S. 736, 741 (1948), the Supreme Court stated that sentencing a defendant on the basis of assumptions concerning his criminal record which are materially untrue, "whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand."  In other cases, the courts have remanded for resentencing when the district court relied upon erroneous or unreliable facts or inferences at sentencing.  See United States v. Tucker, 404 U.S. 443, 447–49 (1972) (remand for resentencing because sentencing court had relied on two convictions later found unconstitutional as a result of defendant's lack of representation); United States v. Baylin, 696 F.2d 1030, 1040 (3d Cir. 1982) ("[A]s a matter of due process, factual matters may be considered as a basis for sentence only if they have some minimal indicium of reliability beyond mere allegation."); see also Moore v. United States, 571 F.2d 179, 183 (3d Cir. 1978) ("[A] defendant should not be sentenced on the basis of information about him that is materially incorrect. . . .").

Tabares contends that her sentence violated due process because the district court relied upon the erroneous assumption that she had been convicted of a drug crime, whereas the record shows only that she has been arrested twice before but shows no prior convictions.  Thus, she argues that she is entitled to resentencing.  The government does not allege that it would suffer any prejudice should this case be remanded for resentencing.  Instead it argues that the district court expressed "more than sufficient reasons" to impose the sentence it did, apart from its misstatement.  Brief of Appellee at 26. It notes that the written judgment entered by the district court sets forth the following reasons:  "Prior drug arrests – not first offender, lack of candor with the probation office; not remorseful."  App. at 38.

Although Tabares argues she should be viewed as "a first offender," the presentence report, which Tabares did not challenge, referred to two prior arrests for drug offenses.  The report refers to but gives little detail about an arrest in California in 1986 on a charge of Transport/Sale of Narcotics. It states that Tabares' husband was convicted and imprisoned for his involvement but that disposition as to her was unknown.  The report also records a second arrest in 1991 in Arizona on similar grounds when she was charged in a two–count indictment relating to narcotics.  The Arizona charge was brought after she was found driving a truck that carried almost 20 kilograms of cocaine. After Tabares was released on bond, she fled to avoid prosecution.  PSR  71.  At the time she pled guilty in this

case, she was still a fugitive from Arizona authorities.  PSR 71.

Although the government expresses confidence that the district court, looking at Tabares' prior record including her flight from Arizona and her lack of remorse, would "unquestionably . . . reimpose precisely the same sentence," we do not have any basis to cut short the defendant's right to be sentenced on the basis of accurate facts, particularly because the district court stressed that Tabares had failed to learn from her prior time served.  See Supp. App. at 13.  As the Supreme Court stated:

> We are not at liberty to assume that items given such emphasis by the sentencing court, did not influence the sentence which the prisoner is now serving.

Townsend v. Burke, 334 U.S. at 740-41.

We need not decide today whether every situation in which a district court relied on a mistaken belief about a prior conviction would require resentencing.  We merely hold that under the circumstances presented here, Tabares is entitled to be resentenced based on accurate information as to her prior record.

In remanding for resentencing, we believe it is important to note that the district court did not get the help from counsel to which it was entitled.  Defense counsel has conceded that he failed to pick up the misstatement as to Tabares' prior conviction.  The Assistant United States Attorney explained at oral argument before us that fourteen defendants were being sentenced within three days, which may explain the scenario under which these events occurred.  We note, however, that the government counsel, as well as defense counsel, has a responsibility to assure that the district court is relying on accurate facts.  See Berger v. United States, 295 U.S. 78, 88 (1935).

In any event, we are satisfied that a remand is not only in the interest of justice for Tabares but helps to promote the public's confidence in the judicial system's willingness to do justice.  Of course, we do not make any observations or suggestions about the resentencing itself, leaving that to the district court.

### III.

For the foregoing reasons, we will vacate the sentence of the district court and remand for resentencing.