NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1597
_____

UNITED STATES OF AMERICA

v.

ZENOBIA WILLIAMS,
Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-10-cr-00181-001)
District Judge: Honorable Faith S. Hochberg
_____

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2012

Before:  RENDELL, FUENTES and CHAGARES, Circuit Judges

(Opinion Filed: December 12, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Defendant Zenobia Williams appeals her criminal sentence, contending that it was

procedurally and substantively unreasonable.  She also argues that the District Court

determined the sentence based on improper inferences about her employment, improper

consideration of her tax indebtedness, and a policy disagreement with the Sentencing

Guidelines. Williams failed to raise the procedural unreasonableness objections she now raises before us at the sentencing hearing; therefore, we review those objections for plain error. *United States v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006). We review the remainder of the defendant's objections for abuse of discretion, taking into account the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). We will affirm.

I. Factual Background and Procedural History

Williams was self-employed as a tax preparer at Sunrise Professional Tax Services from April 2004 to September 2007. For each of the four tax periods between 2003 and 2006, Williams substantially underrepresented her gross receipts from her business such that her personal income tax returns did not reflect her true earnings.

On March 10, 2010, Williams was indicted on four counts of subscribing to a false income tax return. Each of the counts charged a violation of 26 U.S.C. § 7206 for each of the years between 2003 and 2006. Pursuant to a plea agreement, on October 20, 2010, Williams entered a guilty plea in which she agreed to plead guilty to Count Four, the 2006 charge, in return for dismissal of Counts One, Two, and Three (relating to the tax returns for 2003, 2004, and 2005, respectively). The parties stipulated in the agreement that the total tax loss for the four years of misrepresentations totaled $205,506. Under the terms of the plea agreement, at the sentencing hearing the District Court would have sole discretion to determine a sentence under the United States Sentencing Guidelines (the "Guidelines") up to and including the maximum term of imprisonment and the maximum fine. The plea agreement also provided that the District Court would impose a one-year

2

term of supervised release, and could order Williams to pay restitution and/or costs of prosecution.

The Probation Office's presentence report (the "PSR") recommended a sentence of 18-24 months' imprisonment, calculated according to the amount of tax loss sustained under § 2T1.4(a)(1) and § 2T4.1 of the Sentencing Guidelines Manual. This sentence calculation included a 2-point reduction for acceptance of responsibility and a 1-point reduction for additional adjustment for acceptance of responsibility pursuant to §§ 3E1.1(a) and (b). This sentence was calculated properly under the Guidelines, and Williams does not contend otherwise.[1]

At the sentencing hearing on February 22, 2011, neither the government nor the defendant objected to the facts found in the PSR. Williams urged the District Court to impose a sentence of a fine or probation in lieu of imprisonment based on the nature and consequences of the offense, her employment history, family situation, and need to obtain employment to repay taxes.

Williams presented evidence relating to her personal characteristics, including records of past public service employment, her remorse, lack of criminal record, presence in the community, and family situation including a young child and a parent needing medical attention. Defense counsel also argued that the fact that Williams was a tax preparer engaged in this activity was actually in her favor, as her wrongdoing was related

---

[1] The Guidelines calculation is as follows: § 2T1.4(a)(1) (directing base offense level determined by tax table in § 2T4.1) and § 2T4.1 (tax table): 18; adjustment for acceptance of responsibility: subtract 2; additional adjustment for acceptance of responsibility: subtract 1. Total offense level: 15. For a offense level of 15 and a criminal history category I, the Guidelines recommend an 18-24 month sentence.

solely to preparation of her own taxes; no wrongdoing was associated with preparing returns for others as part of her business.

At sentencing, the District Court engaged in a discussion with both counsel regarding the lack of qualifications necessary to become a tax preparer. Upon learning that there is no requirement for tax preparers to be licensed, the District Court stated "[I]t ought to be," and that "[Y]ou do not need to be a CPA, you do not need to be licensed, you do not need to have any qualifications whatsoever. You can hang up a shingle and be a tax preparer. You don't need any background check. You can be a felon."[2] (JA 33).

The District Court ultimately sentenced Williams to an imprisonment term of 21 months, supervised release, a fine of $20,000, and restitution of $255,506. The District Court also prohibited her from engaging in a tax-preparation business in the future unless she first notified the IRS. Williams timely appealed.

## II. Discussion

### A. Procedural Unreasonableness

Williams raises for the first time on appeal the argument that her 21-month sentence was procedurally unreasonable because the District Court failed to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). This contention is without merit.

---

[2] Additionally, when defense counsel informed the Court that when he participated in a tax clinic as a law student, the students were qualified as federal tax preparers without "any reading having begun," the District Court responded, "Lord. Okay." *Id.* at 34.

4

As Williams did not argue at the sentencing hearing that the District Court needed to consider sentencing disparities with similarly situated defendants, we will review procedural unreasonableness on this basis for plain error. We find that the District Court did not commit plain error by imposing the 21-month sentence without specific consideration of similarly situated defendants.

A court is not required to raise every sentencing factor on its own initiative. *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010). Additionally, as the Guidelines themselves were developed to avoid sentencing disparities, a judge that "correctly calculate[s] and carefully review[s] the Guidelines range necessarily [gives] significant weight and consideration to the need to avoid unwarranted sentencing disparities." *Gall*, 552 U.S. at 54.

As the District Court meaningfully considered the § 3553(a) factors in imposing a sentence consistent with the recommendations in the PSR report, the imposition of the 21-month sentence was not procedurally unreasonable.

## B. Substantive Unreasonableness

Williams contends that her sentence is substantively unreasonable because the District Court failed to give meaningful consideration to all of the factors listed in 18 U.S.C. § 3553(a) on the record.

If the District Court's sentence is procedurally sound, we will affirm the sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). Also, sentences falling within the range established by

5

the Guidelines are "more likely to be reasonable than those that fall outside this range." *United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007).

The District Court adequately explained why it ordered the 21-month sentence, which falls directly in the middle of the Guidelines' recommendation of 18-to-24 months. At sentencing, the District Court acknowledged the defendant's mitigating evidence as well as the need to prevent future wrongdoing and deter other small business proprietors from similar violations. Furthermore, the District Court adopted the PSR in full, which provided additional support for the 21-month sentence. Accordingly, the sentence was substantively reasonable.

C. District Court's Characterization of Defendant's Employment

Williams contends that the District Court improperly characterized her tax-preparation business as part of a criminal enterprise and that we should vacate the 21-month sentence on that basis. A sentencing court's reliance on inappropriate grounds may provide the basis for vacating a sentence. *Cf. Roberts v. United States*, 445 U.S. 552, 556-57 (1980) (stating that defendant may have due process challenge to sentence if it is based on "misinformation of constitutional magnitude"); *Moore v. United States*, 571 F.2d 179, 183 (3d Cir. 1978) (discussing due process concerns when sentences are predicated on "false information").

There is no evidence, however, that the District Court made improper inferences about Williams's tax-preparation business that suggested that Williams was engaged in a criminal enterprise. The District Court specifically stated several times that it was aware that the crime for which it was determining a sentence was unrelated to any wrongdoing

6

in the defendant's tax-preparation business.  The District Court even remarked to Williams: "I think your attorney's very well made the point that this criminal case is not about whether you improperly prepared returns for others.  This criminal case is about you not disclosing your own income."  (JA 61).  Accordingly, the District Court did not consider improper factors such that the 21-month sentence was an abuse of discretion.

### D. District Court's Consideration of Tax Liability

Williams contends that the District Court improperly considered the amount of her tax liability in computing the sentence and thus "enhanced" the sentence.  This contention is without merit.

The District Court imposed the 21-month sentence based on the PSR's recommended Guidelines range of 18 to 24 months' imprisonment.  Furthermore, the parties stipulated to the total amount of tax loss that the Probation Office used to calculate the recommended sentence under the Guidelines.  Williams fails to explain how an improper consideration of tax indebtedness negatively contributed to the District Court's determination of the sentence; thus, we find no abuse of discretion.

### E. District Court's Policy Disagreement with Sentencing Guidelines

Williams finally contends that the District Court had a policy disagreement with the Sentencing Guidelines requiring that the 21-month sentence be vacated.  She argues that the District Court believed that the Guidelines provided too lenient a sentence for the conduct at issue, but because the District Court failed to provide a reasoned explanation of the disagreement, the sentence should be vacated.  Williams cites as evidence of this alleged disagreement the District Court's reference to the defendant's behavior as

7

"extreme" and that the defendant was "lucky that the guidelines are low as they are for this kind of offense." (JA 68, 74).

Vacating sentences based on a District Court's disagreement with the Guidelines typically applies when the District Court's disagreement leads to imposition of a sentence outside the recommended Guidelines range presented in the PSR. "*[I]f* the District Court intends to vary downward based on a policy disagreement with § 4B1.1, it must better explain and justify that decision. The freedom to vary from the career offender Guidelines, assuming it exists, is not free. Its price is a reasoned, coherent, and 'sufficiently compelling' explanation of the basis for the court's disagreement." *Merced*, 603 F.3d at 219-20.

The District Court's comments, however, do not demonstrate that the District Court disagreed with the Guidelines on a policy basis, because the District Court imposed a sentence in the recommended Guidelines range. Consequently, the District Court did not abuse its discretion in implementing the 21-month sentence.

### III. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.