**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1703
_____

UNITED STATES OF AMERICA

v.

MIKHAIL AMINOV,
Appellant

___

On Appeal from the District Court for the Eastern District of Pennsylvania
(No. 2-10-cr-00538-009)
District Judge: The Honorable Edward G. Smith
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 19, 2018

Before:  AMBRO, RESTREPO, and FUENTES, Circuit Judges

(Opinion Filed:  March 12, 2018)
_____

OPINION*
_____

FUENTES, Circuit Judge

    This case arises from the revocation of Appellant Mikhail Aminov's supervised

release.  Aminov was found to be in violation of the terms of his supervised release and

_____

* This disposition is not an Opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the District Court sentenced him based on the erroneous belief that Aminov had received a lenient sentence for his prior conviction. As this sentence was based, in part, on incorrect information, we will vacate the sentence and remand to the District Court for resentencing.

## I.

On September 6, 2011, Aminov pled guilty to one count of conspiracy and aiding and abetting the production of an identification document without lawful authority in the District Court for the Eastern District of Pennsylvania. The Presentence Report recommended a Sentencing Guidelines range of zero to six months' imprisonment, which the District Court (Shapiro, J.) adopted instead of the Government's suggested range of 12 to 16 months. Aminov was sentenced to six months' imprisonment, followed by three years' of supervised release. On June 29, 2012, Aminov began his supervised release.

On January 8, 2015, while still on supervised release, Aminov was arrested in the Southern District of New York and charged with one count of healthcare fraud. Aminov pled guilty on January 31, 2017. The District Court (Engelmayer, J.) sentenced Aminov to 15 months' imprisonment.

On March 28, 2017, the District Court for the Eastern District of Pennsylvania (Smith, J.) held a hearing on Aminov's violation of supervised release. Aminov admitted to the violation and the District Court found him to be in violation of the terms of his supervised release. The Sentencing Guidelines range was four to ten months' imprisonment. Aminov requested a concurrent sentence or, in the alternative, a consecutive sentence at the low end of the guideline range. The Government sought a

consecutive sentence at the high end of the range. In support of its position, the Government argued that Aminov had already benefited from lenity. In its sentencing memorandum, the Government stated: "[a]t his original sentencing in this case, the government advocated for a term of imprisonment in the range of 10 to 16 months. Judge Shapiro imposed a sentence below the government's recommended range."[1] This was repeated at the hearing, with the Government stating that "although the Government advocated a sentence of 12 to 16 months . . . , Judge Shapiro gave him a lower sentence, the six months."[2]

After hearing the parties' arguments, the District Court imposed a ten-month sentence, a sentence at the top of the guideline range. In explaining the sentence, the Court stated "I am looking back at what Judge Shapiro saw in you and *she imposed a below guideline range sentence, significantly below guideline range sentence*. And in return for her doing that, you immediately went back out and engaged in further similar criminal conduct."[3]

## II.[4]

Aminov appeals his sentence, claiming it was based on the erroneous conclusion that he was granted lenity with his previous sentence. Because he did not object to the

---

[1] App. 34.
[2] App. 50.
[3] App. 54-55 (emphasis added).
[4] The District Court had jurisdiction under 28 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

sentence before the District Court, our review is for plain error.[5] The test for plain error is well established. For Aminov to be entitled to relief, he must show: (1) an error; (2) that is plain or obvious; (3) that affects the defendant's substantive rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.[6] Aminov has made such a showing.

Aminov has shown that there was a plain error in his sentencing. A District Court errs when it bases a sentence on incorrect facts.[7] An error is said to be "plain" when it is "'clear' or, equivalently, 'obvious.'"[8] Here, the District Court sentenced Aminov, in part, on the belief that his initial sentence was below the guidelines range. However, as noted in Section I, *supra,* the guidelines range for Aminov's initial conviction was zero to six months, and 12 to 16 months was the range advocated by the Government. Thus, Judge Shapiro's six-month sentence was not a downward departure from the guidelines range, it

---

[5] *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) ("[B]efore an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial rights.'") (citation omitted).

[6] *United States v. Mateo-Medina*, 845 F.3d 546, 550 (3d Cir. 2017) (citing *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008)); *see also United States v. Olano*, 507 U.S. 725, 732 (1993)).

[7] *Gall v. United States*, 552 U.S. 38, 51 (2007) (An appellate court reviewing a sentence "must first ensure that the district court committed no significant procedural error, such as . . . selecting a sentence based on clearly erroneous facts . . . ."); *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc) ("A sentence imposed as a result of a clearly erroneous factual conclusion will generally be deemed 'unreasonable' and, subject to the doctrines of plain and harmless error, will result in remand to the district court for resentencing."); *Moore v. United States*, 571 F.2d 179, 183 (3d Cir. 1978) ("[T]he Supreme Court made it clear that a sentence cannot be predicated on false information.").

[8] *Olano*, 507 U.S. at 734.

was at the top of the range. Accordingly, the District Court crafted its sentence in consideration of incorrect facts, and, in doing so, committed a plain error.[9]

Aminov has also shown that the error affected his substantive rights. An error affects substantive rights when it is "prejudicial," that is to say it "affected the outcome of the district court proceedings."[10] Here, the error impacted the outcome of the District Court proceedings because the District Court explicitly relied on it in supporting its sentencing decision.[11]

Finally, allowing Aminov's sentence to stand would "affect the fairness, integrity, or public reputation of judicial proceedings" because allowing a sentence based on incorrect information to stand would undermine public confidence in the judicial process.[12]

## III.

For the reasons set forth above, we vacate the sentence and remand to the District Court for resentencing consistent with this Opinion.

---

[9] *See Gall*, 552 U.S. at 51; *Olano*, 507 U.S. at 734.
[10] *Olano*, 507 U.S. at 734.
[11] *See Mateo-Madina*, 845 F.3d at 554.
[12] *See Moore*, 571 F.2d at 183 (vacating a sentence based on a pre-sentence report that contained erroneous factual information because "a defendant should not be sentenced on the basis of information about him that is materially incorrect . . . .").