NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-3988 and 08-4348
_____

UNITED STATES OF AMERICA

v.

PEDRO VAZQUEZ
a/k/a P
a/k/a Pedro Vasquez


Pedro Luis Vazquez,
            Appellant No. 08-3988
_____

UNITED STATES OF AMERICA

v.

CARLOS VALLEJO
a/k/a L


Carlos Vallejo,
            Appellant No. 08-4348
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 1-07-cr-00154-004 and 1-07-cr-00154-002)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2011

Before:  FISHER, HARDIMAN and GREENAWAY, JR., *Circuit Judges*.

(Filed: November 1, 2011 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Pedro Vazquez and Carlos Vallejo (together "the Defendants") appeal from the District Court's rulings during the trial and its subsequent sentencing for four felony drug charges, including conspiracy to distribute and possession with intent to distribute crack cocaine and cocaine.  For the reasons stated below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case.  Therefore, we will set forth only those facts necessary to our analysis.

In 2005, the United States Drug Enforcement Administration ("DEA"), working with various local law enforcement agencies, began to investigate drug trafficking organizations in and around Camden, New Jersey.  Carlos Vallejo led a drug trafficking organization with his cousin, Nasser Perez, distributing cocaine in the Camden area. Ronald Clements was a supervisor of the retail-level drug distributors.  Pedro Vazquez, the brother-in-law of Vallejo, began selling cocaine as a retail distributor for the organization in 2005.

Following an extensive DEA investigation, Vallejo, Vazquez, and three other cohorts were arrested on January 25, 2007. They were all charged with engaging in a drug-trafficking conspiracy, in violation of 21 U.S.C. § 846. The other three cohorts pled guilty to either the conspiracy charge or related distribution charges.

A superseding indictment charged Vallejo and Vazquez with conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, contrary to 21 U.S.C. § 841(a) and § 841(b)(1)(A), in violation of 21 U.S.C. § 846 (Count 1). It charged Vazquez with possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a) and § 841(b)(1)(A) (Count 2). Vallejo was charged with possession with intent to distribute five kilograms or more of cocaine on November 21, 2006, in violation of 21 U.S.C. § 841(a) and § 841(b)(1)(A) (Count 3) and possession with intent to distribute fifty grams or more of crack cocaine and five hundred grams or more of cocaine on January 25, 2007, in violation of 21 U.S.C. § 841(a) and § 841(b)(1)(A) (Count 4).

On November 28, 2007, the District Court denied Vazquez's motion to suppress over 100 grams of crack cocaine that was seized from an automobile he was driving on September 8, 2006. On November 30, 2007, the Government timely filed an enhanced penalty information against the Defendants under 21 U.S.C. § 851, giving them notice of the Government's intention to prove their prior drug-trafficking convictions in order to seek increased mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A). A jury convicted the Defendants on all counts. The District Court sentenced Vazquez to 360

3

months of imprisonment and ten months of supervised released. The District Court imposed a mandatory sentence of life imprisonment on Vallejo. The Defendants filed a timely appeal.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over challenges to the convictions under 28 U.S.C. § 1291 and over challenges to the sentences under 18 U.S.C. § 3742(a).

## III.

## A.

Vazquez first contends that the District Court erred in sentencing him to thirty years of imprisonment, which was at the bottom of the Sentencing Guidelines range, rather than the statutory minimum of twenty years. We review the District Court's sentencing decision two-fold: first, under an abuse-of-discretion standard, we must "ensure that the [D]istrict [C]ourt committed no significant procedural error in arriving at its decision, 'such as . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence'"; second, if there was "no significant procedural error, we then review the substantive reasonableness of the sentence under an abuse-of-discretion standard, regardless of whether it falls within the Guidelines range." *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008) (quoting *Gall v. United States*, 557 U.S. 38, 51 (2007)).

4

Vazquez argues that the District Court procedurally erred by failing to consider, or improperly considering, the 18 U.S.C § 3553(a) factors.  During sentencing, the District Court must engage in "a true, considered exercise of discretion . . . including a recognition of, and response to, the parties' non-frivolous arguments" and consideration of the 18 U.S.C. § 3553(a) factors.  *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006).  But the District Court need not provide a complete and comprehensive explication of sentencing law, *United States v. Dragon*, 471 F.3d 501, 506 (3d Cir. 2006), and a "brief" discussion will suffice.  *United States v. Olfano*, 503 F.3d 240, 245 (3d Cir. 2007).  Contrary to Vazquez's contention that the District Court knew nothing about his prior convictions, the District Court read and considered Vazquez's sentencing memorandum and confirmed that he had no other written materials to present.  In addition, Vazquez conceded that the report accurately described his prior convictions.  Although Vazquez argues that the District Court did not consider all of the § 3553(a) factors, the District Court explicitly discussed its responsibility to consider and apply the § 3553(a) factors and identified the factors on record.  It addressed Vazquez's mitigation arguments relating to these factors at length, including his family responsibility and the nature of Vazquez's two prior drug-trafficking convictions.  Because the District Court properly and adequately considered the § 3553(a) factors, it did not abuse its discretion in the sentencing procedure.

Vazquez next argues that the District Court procedurally erred by basing its sentence on erroneous facts.  "[I]f the asserted procedural error is purely factual, . . . we

5

will conclude there has been an abuse of discretion only if the [D]istrict [C]ourt's findings are clearly erroneous." *Wise*, 515 F.3d at 217. He contends that the District Court attributed more than 4.5 kilograms of crack to him when the jury only found him guilty of distributing 100 grams of crack. His argument lacks merit because the sentencing court may consider "conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts*, 519 U.S. 148, 157 (1997). Given that the Government represented that Vazquez, Vallejo, Perez, and Clements were responsible for at least 4.5 kilograms of crack and Perez and Clements testified that Vazquez worked 24 hour shifts for them as an active distributor of crack and powder cocaine, the District Court's finding that Vazquez was responsible for 4.5 kilograms of crack was not "clearly erroneous." *See Wise*, 515 F.3d at 217.

Similarly, the District Court's finding that Vazquez knew his car was being used for drug-trafficking was not clearly erroneous. The District Court listened to the Government's summary of the evidence regarding this point, and Defense counsel agreed with that summary. The District Court then came to a conclusion based on the fact that Vazquez allowed the car to be registered in his name while it was being used for drug-trafficking and the fact that he did not take possession of the car after he quit working for Perez. Because the District Court did not base Vazquez's sentence on clearly erroneous facts, it did not abuse its discretion in the sentencing procedure.

Because there were no significant procedural errors, we now "review the substantive reasonableness of the sentence under an abuse-of-discretion standard." *Id.* at

6

217-18. Based on Vazquez's two prior drug convictions, he is considered a career offender under U.S.S.G. § 4B1.1. The Sentencing Guidelines range for Vazquez as a career offender was thirty years to life imprisonment. He argues that the District Court should have deviated from the Guidelines and sentenced him to the minimum statutory sentence of twenty years because he played a minor role in the drug-trafficking operation, a contention with which the Government agreed, and the District Court had no evidence regarding the seriousness of his prior offenses. But the District Court's "failure to give mitigating factors the weight [Vazquez] contends [he] deserve[s]" does not "render the sentence unreasonable." *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). The District Court reasonably weighed Vazquez's mitigation arguments and addressed the § 3553(a) factors, including the history and characteristics of his prior offenses. It determined that this was a "substantial" and "sophisticated" drug-trafficking organization that "moved a lot of drugs" and Vazquez's role was "critical to the successful operation" of the conspiracy. Given these findings, the District Court did not abuse its discretion by sentencing Vazquez to the minimum thirty years of imprisonment recommended under the Guidelines.

Although Vazquez claims that the Government "believed twenty years was enough," the Government nevertheless requested a sentence within the Guidelines range of 360 months to life. Regardless, the District Court "was not obligated to accept the government's recommendation." *United States v. Johnson*, 580 F.3d 567, 571 (7th Cir. 2009). Vazquez's argument that "far worse defendants receive far more lenient

7

sentences" also fails. "[S]entencing disparities are unreasonable only when the defendants are similarly situated," *United States v. King*, 604 F.3d 125, 145 (3d Cir. 2010), but Vazquez fails to identify any other offender that is "similarly situated" to himself and received a substantially lower sentence.

## B.

Vazquez next argues that the District Court should have applied a two-level reduction in his offense level for his "minor role" in the crime. Legal interpretations of the Sentencing Guidelines are subject to plenary review. *United States v. Mundy*, 621 F.3d 283, 294 (3d Cir. 2010). We reject Vazquez's argument because we have established that career offenders are not eligible for a "minor role" downward adjustment in offense level. *United States v. Johnson*, 155 F.3d 682, 683-84 (3d Cir. 1998). Since Vazquez is a career offender under U.S.S.G. § 4B1.1, the District Court properly declined to reduce his offense level.[1]

## C.

Vazquez also submits that the District Court erred when it failed to suppress the drugs found in his vehicle because the police did not have reasonable suspicion to conduct an investigatory stop or to search his vehicle. "We review the District Court's

---

[1] Although the District Court denied the downward adjustment because it concluded that Vazquez did not meet the criteria for a "minor role" adjustment, rather than because he was not eligible to receive it as a career offender, we "can affirm [the District Court's decision] for any reason supported by the record." *United States v. Cross*, 308 F.3d 308, 326 (3d Cir. 2002).

decision [regarding] a motion to suppress under a mixed standard of review. We review its findings of fact for clear error, but exercise plenary review over its legal conclusions." *United States v. Tracey*, 597 F.3d 140, 146 (3d Cir. 2010).

An officer may stop a suspect for investigation "when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Reasonable suspicion only requires "some minimal level of objective justification." *INS v. Delgado*, 466 U.S. 210, 217 (1984). The police must have more than an "inchoate and unparticularized suspicion or 'hunch'" but less than probable cause. *Terry*, 392 U.S. at 27; *Wardlow*, 528 U.S. at 123. Vazquez submits that there was no reasonable suspicion to stop him because the police did not know about the informant's arrest record or have prior experience working with the informant. We disagree.

The informant, Michael Kylar, was arrested by the police and had an incentive to provide truthful information to gain favorable treatment for his own criminal conduct. Kylar specifically predicted that a Hispanic man, with a shaved head and goatee, would arrive at Wawa within minutes of their phone call, driving a red Concorde. The police confirmed these details, and the license plate of the Concorde revealed that the car was involved in a drug deal earlier that day. Given the "totality of the circumstances" here, the District Court did not err by finding that the police had reasonable suspicion to stop Vazquez. *See Alabama v. White*, 496 U.S. 325, 327, 332 (1990) (upholding investigatory stop of automobile based on anonymous tip that the defendant would be leaving a

9

particular apartment at a particular time in a particular car and would possess cocaine, details which were verified by the police).

Vazquez submits that the police also lacked reasonable suspicion to search his vehicle. But after the police stopped Vazquez, they brought a narcotics-detection dog to sniff for drugs. "[I]t is . . . well-established that, looking at the totality of the circumstances, a dog's positive alert while sniffing the exterior of the car provides an officer with the probable cause necessary to search the car without a warrant." *United States v. Pierce*, 622 F.3d 209, 213 (3d Cir. 2010). And "circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Arizona v. Gant*, 556 U.S. 332, ---, 129 S. Ct. 1710, 1714 (2009) (citation omitted). The informant's arrangement to purchase crack cocaine minutes before Vazquez's appearance, the informant's accurate prediction regarding Vazquez's appearance and arrival, a report that Vazquez engaged in a drug deal earlier that day driving the same vehicle, and the narcotics-detection dog's positive alert, taken together, established a reasonable basis to believe that evidence of drug-trafficking would be found in Vazquez's vehicle. Because the police had reasonable suspicion to stop Vazquez and a reasonable basis to believe that drugs would be found in his vehicle, the District Court properly denied Vazquez's motion to suppress the evidence.

D.

Vazquez next argues that the District Court should have ordered separate trials for the conspiracy charge (Count 1) and the distribution charge (Count 2) because evidence of his involvement in the conspiracy prejudiced the jury with respect to the distribution charge. Although Vazquez filed a motion to sever the two counts before trial, his trial counsel withdrew that motion without prejudice and never reasserted it. He now submits that his trial counsel was ineffective for withdrawing that motion. We decline to consider this issue now because it is "the well-settled rule of this Court that [ineffective assistance of counsel] claims are 'generally not entertained on direct appeal.'" *Gov't of Virgin Islands v. Lewis*, 620 F.3d 359, 371 (3d Cir. 2010) (quoting *United States v. McLaughlin*, 386 F.3d 547, 555 (3d Cir. 2004)). We do not have the benefit of a fully-developed record by the District Court, and the trial counsel's alleged deficient performance is not sufficiently obvious from the existing record to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

E.

Vallejo argues that the government presented insufficient evidence to sustain a verdict on the charge of possession with intent to distribute crack cocaine and cocaine, in violation of 21 U.S.C. § 841(a) and § 841(b)(1)(A) (Count 4). When determining whether a jury verdict rests on legally sufficient evidence, we will sustain the verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (citation

11

omitted) (emphasis in original). Under this deferential standard, "we draw all reasonable inferences in favor of the jury verdict." *United States v. Anderskow*, 88 F.3d 245, 251 (3d Cir. 1996). Vallejo contends that an actual accomplished distribution must be proved to sustain a conviction, yet there was no evidence that he was ever caught in the process of a sale or that he delivered any contraband to anyone.

"The essential elements of the substantive offense of possession of a controlled substance with intent to distribute are that the defendant (1) knowingly possessed a controlled substance with (2) the intent to distribute it." *United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008) (citation omitted). On January 25, 2007, law enforcement officials seized $160,000 in hidden cash from Vallejo's home as well as over 133.4 grams of crack cocaine and over 621.5 grams of cocaine powder from inside Vallejo's storage house at 1519 Minnesota Avenue. The Government's drug-trafficking expert testified that both of these quantities were "definitely consistent with drug trafficking, with intent to distribute, not with the intent to use." Nasser Perez and Ronald Clements, Vallejo's co-conspirators, also testified at length about how they received kilograms of cocaine directly from Vallejo, which they distributed to others. Because we "do not . . . assess the credibility of witnesses," *United States v. Quiles*, 618 F.3d 383, 395 (3d Cir. 2010), and "must credit all available inferences in favor of the [G]overnment," *United States v. Rawlins*, 606 F.3d 73, 80 (3d Cir. 2010), the testimonies of Perez, Clements, and the Government's drug-trafficking expert, coupled with the cash and drugs seized on January 25, 2007, constituted sufficient evidence to sustain the jury verdict.

F.

Vallejo argues that he was denied a fair trial when the Government's witness, Special Agent Sam Trotman, testified as to his belief about Vallejo's guilt. Because Vallejo concedes that he "did not seek a mistrial in the District Court" challenging the Government witness's testimony, we "review[] the District Court's decision not to grant a mistrial sua sponte for plain error." *United States v. Riley*, 621 F.3d 312, 339 (3d Cir. 2010). Plain error occurs when the comments are "so serious as to undermine the fundamental fairness of the trial and contribute to a miscarriage of justice." *Id.* Vallejo submits that Trotman's testimony stating, "I would like to see [Vallejo] convicted because I believe he is guilty," was not "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed .R. Evid. 704(b). He argues that this deprived him of a fair trial, despite the District Court's jury instruction to disregard that part of Trotman's testimony.

The District Court did not commit plain error. The contested testimony was elicited as part of the defense strategy to make the Government witness appear biased. Vallejo's trial counsel elicited the statement when he asked Trotman, "And it would be fair to say, and honest to say, you, together with the agents of the Government want to see Mr. Vallejo convicted; isn't that honest and fair?" The same tactic was also used on other Government witnesses for the same purpose. "A defendant cannot complain on appeal of alleged errors invited or induced by himself, particularly where, as here, it is not clear that the defendant was prejudiced thereby." *United States v. Console*, 13 F.3d

13

641, 660 (3d Cir. 1993) (citation omitted). Even if Trotman's comment was improper, the curative jury instruction ensured that the statement did not deprive Vallejo of a fair trial. *See Riley*, 621 F.3d at 339 (holding that the district court's jury instruction cured the risk of prejudice resulting from the prosecutor's improper comment because "juries are presumed to follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). Thus, the District Court did not commit plain error by not granting a mistrial sua sponte.

G.

Finally, both Vallejo and Vazquez argue that statutorily mandated sentences under 21 U.S.C. § 841(b)(1)(A) violated their Fifth Amendment due process rights, the separation of powers doctrine, and the Eighth Amendment's prohibition on cruel and unusual punishment. Because "neither defendant objected [on these constitutional grounds] during sentencing, we review for plain error." *United States v. Berry*, 553 F.3d 273, 279 (3d Cir. 2009). The District Court did not commit plain error when it did not sua sponte find the statute unconstitutional. Vallejo and Vazquez failed to cite to any cases supporting their constitutional challenges, and neither the Supreme Court nor we have held that the statute violates any of these constitutional principles. To the contrary, we have "repeatedly held that there is no due process right to individualized sentences." *United States v. MacEwan*, 445 F.3d 237, 252 (3d Cir. 2006). With respect to the separation of powers doctrine, the "Supreme Court has specifically held that 'Congress has the power to define criminal punishments without giving the courts any sentencing

14

discretion.'" *Id.* at 251 (citing *Chapman v. United States*, 500 U.S. 453, 467 (1991)). In addition, courts that have addressed the Eighth Amendment claim have routinely rejected it. *See*, *e.g.*, *United States v. Graham*, 622 F.3d 445, 452-53 (6th Cir. 2010) (rejecting claim that mandatory life sentence under § 841(b)(1) was grossly disproportionate in violation of the Eighth Amendment). Given the overwhelming weight of such authority, the District Court did not commit plain error when it did not sua sponte find the statutorily mandated sentences unconstitutional.

## IV.

For the foregoing reasons, we will affirm the District Court's judgments.