NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2935
_____

PEDRO VAZQUEZ,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 1-12-cv-07020
District Judge: The Honorable Noel L. Hillman

Argued April 25, 2017

Before: SMITH, *Chief Judge*, McKEE, and RENDELL, *Circuit Judges*

(Filed:  July 18, 2017)

Mark A. Berman    [ARGUED]
Hartmann Doherty Rosa Berman & Bulbulia
65 Route 4 East
River Edge, NJ  07661
        *Counsel for Appellant*

Mark E. Coyne
John F. Romano    [ARGUED]
Office of United States Attorney
970 Broad Street
Room 700 Newark, NJ  07102

Matthew Skahill
Office of United States Attorney
Camden Federal Building & Courthouse
401 Market Street
Camden, NJ  08101
    *Counsel for Appellee*

————————————

OPINION[*]

————————————

SMITH, *Circuit Judge.*

In December 2007, a federal court jury found Pedro Vazquez guilty on two criminal counts:  conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846; and distributing and possessing with the intent to distribute (PWID) 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).  Prior to trial, an enhanced penalty information had informed Vazquez that he would be subject to a mandatory minimum of 20 years imprisonment.  *See* 21 U.S.C. § 851(a).  After trial, the presentence investigation report (PSR) noted that Vazquez had three purported New Jersey PWID convictions: (1) a PWID conviction with a 364-day sentence (364 conviction); (2) a PWID conviction with a five-year sentence, which was the basis for the enhanced penalty information; and (3) a PWID conviction

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

with a five-year sentence that was initiated by Accusation 142-97 (Accusation conviction or Accusation). The PSR calculated a 324 to 405-month sentencing guideline range. This range was increased to 360 months to life imprisonment based on a conclusion that two of Vazquez's prior convictions qualified as controlled substance offenses for purposes of the career offender enhancement under U.S. Sentencing Guideline (U.S.S.G.) § 4B1.1. Although the PSR did not specify which convictions were the predicate for the enhancement, it is apparent now that it was the PWID with the five-year sentence and the Accusation conviction. There was no objection at sentencing to the career offender enhancement. The District Court sentenced Vazquez to 360 months' imprisonment on both counts to run concurrently.

Vazquez's direct appeal was unsuccessful. *See United States v. Vazquez*, 449 F. App'x 96, 104 (3d Cir. 2011). In November 2012, Vazquez filed a timely pro se motion to vacate under 28 U.S.C. § 2255, which alleged that his trial and appellate counsel were ineffective because they failed to challenge his classification as a career offender. Vazquez asserted for the first time that his counsel should have objected to the enhancement because the Accusation conviction did not constitute a controlled substance offense for purposes of U.S.S.G. § 4B1.1. In support of that assertion, Vazquez provided the judgment for the Accusation, which showed that the PSR had erroneously described a conviction

for simple possession of a controlled substance as PWID. Vazquez correctly noted that in *Salinas v. United States*, 547 U.S. 188 (2006) (per curiam), the Supreme Court held that simple possession cannot serve as a predicate "controlled substance offense" for career offender purposes.

This challenge to the Accusation conviction was a surprise to the government. After more than a year, in February 2014, the government conceded that Vazquez was correct that "one of the predicate offenses that designated him a career offender . . . was incorrectly identified as a felony drug distribution offense, when it was actually a felony drug possession offense." A146. The District Court granted a request by the government for additional time to determine if any of Vazquez's other convictions might qualify as a predicate offense for the purpose of maintaining his career offender status, which in the government's view would render the § 2255 petition moot. The government's investigation unearthed a probation violation of the 364 conviction, for which Vazquez received a three year sentence. Because no judgment had been entered for this probation violation, it had not been listed in the PSR. After the New Jersey state court system was advised that a judgment had not been issued on the probation violation, the New Jersey Criminal Division issued a nunc pro tunc judgment sentencing Vazquez to three years on the probation violation. On the heels of the nunc pro tunc judgment, the government filed its opposition to Vazquez's § 2255, conceding the errant

4

characterization of the Accusation conviction in the PSR, but arguing that Vazquez could not show the prejudice needed to prevail on his ineffectiveness claim. According to the government, Vazquez would still qualify as a career offender because the 364 conviction, which had not been counted as a predicate offense initially because it was not imposed within ten years of Vazquez's instant offense, could now be counted as a controlled substance offense. The 364 conviction could be considered because the guidelines required adding the three year sentence on the probation violation to the original term of imprisonment, which resulted in the total sentence falling within the applicable time period. *See* U.S.S.G. §§ 4A1.2(e) & (k), 4B1.2(b).

Vazquez vigorously opposed consideration of this nunc pro tunc judgment. He argued that the government should be limited to a resentencing proceeding based on the original record. The District Court was not persuaded and denied Vazquez's § 2255 petition. The Court reasoned that this new information regarding Vazquez's criminal history would have been admissible at the initial proceeding and therefore Vazquez would have been appropriately designated as a career offender. Because Vazquez would thus have qualified as a career offender, the Court concluded that Vazquez could not show that he had been prejudiced by counsel's failure to object to the career offender enhancement. The Court, therefore, denied his ineffectiveness claim. Vazquez filed a timely appeal,

challenging the District Court's decision to permit the introduction of new evidence at a resentencing and the conclusion that he had failed to show prejudice.†

We review a District Court's decision "permitting further development of the record" at resentencing for an abuse of discretion. *United States v. Dickler*, 64 F.3d 818, 831 (3d Cir. 1995). In *Dickler*, we agreed with several of our sister circuits "that, where the government has the burden of production and persuasion as it does on issues like enhancement . . . , its case should ordinarily have to stand or fall on the record it makes the first time around. It should not normally be afforded 'a second bite at the apple.'" *Id.* at 832 (quoting *United States v. Leonzo*, 50 F.3d 1086, 1088 (D.C. Cir. 1995), and citing *United States v. Parker*, 30 F.3d 542, 553-54 (4th Cir. 1994)). Yet we pointed out that "we perceive no constitutional or statutory impediment to the district court's providing the government with an additional opportunity to present evidence on remand if it has tendered a persuasive reason why fairness so requires." *Id.* (citing cases). And, we noted that "[i]f the government, for want of notice or any other reason beyond its control, does not have a *fair opportunity to fully counter the defendant's evidence* and the government's theory does not carry the day, the district court is entitled to permit further record development on remand." *Id.* (emphasis added).

---

† The District Court exercised jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 2255. We have appellate jurisdiction under 28 U.S.C. §§ 1291, 2253(a), and 2255(d).

6

Here, it is clear that at the initial sentencing proceeding, the government neither knew that Vazquez's Accusation conviction was a simple possession offense nor that Vazquez had violated his probation on the 364 conviction. In the absence of notice that the Accusation conviction could not serve as a predicate offense for the career offender enhancement, the government had no opportunity to prove that there was another basis for applying the enhancement. Under these circumstances, we conclude that the District Court did not abuse its discretion by deciding that the government should be permitted to introduce new evidence if the case were remanded for resentencing. *See Dickler*, 64 F.3d at 832.

Accordingly, we turn to whether the District Court erred in concluding that Vazquez could not demonstrate the prejudice required to succeed on his ineffectiveness prong. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The legal component of an ineffective assistance of counsel claim . . . is subject to plenary review." *Parrish v. Fulcomer*, 150 F.3d 326, 328 (3d Cir. 1998). In *United States v. Mannino*, we considered a § 2255 habeas petitioner's ineffectiveness claim that was based on counsel's failure to raise on direct appeal a sentencing guidelines issue. 212 F.3d 835, 839 (3d Cir. 2000). In considering the prejudice prong, we declared that the "test for prejudice under *Strickland* is not whether petitioners would likely prevail upon remand, but whether we would have

7

likely reversed and ordered a remand had the issue been raised on direct appeal." *Id.* at 844.

We apply the test set out in *Mannino*. Because it is undisputed in this case that the PSR was wrong in concluding that the Accusation conviction qualified as a predicate offense for purposes of the career offender enhancement, and because the career offender enhancement subjected Vazquez to a higher sentencing guideline range, Vazquez has demonstrated a likelihood that we would have vacated the sentence and remanded for resentencing if the error had been raised on direct appeal. Indeed, in *Moore v. United States*, 571 F.2d 179 (3d Cir. 1978), we declared that it is "clear, [that] when the information included in a presentence report, on which a sentence is founded at least in part, is unreliable, due process requires that a defendant be resentenced." *Id.* at 183; *see also Townsend v. Burke*, 334 U.S. 736, 741 (1948) (declaring that when a prisoner is sentenced based on assumptions about his criminal history which are "materially untrue[, s]uch a result, whether caused by carelessness or design, is inconsistent with due process of law, and such a conviction cannot stand"). Although it is possible that Vazquez might receive the same sentence should he ultimately prevail, he "has an

unqualified right to be present at . . . resentencing upon remand."‡ *Mannino*, 212 F.3d at 845.

The District Court relied upon *Lockhart v. Fretwell*, 506 U.S. 364 (1993), as authority for its conclusion that Vazquez had not been prejudiced. In that case, the Supreme Court held that the petitioner failed to demonstrate that he had been prejudiced by an error that did not render the petitioner's sentencing "unfair" or "unreliable." *Id.* at 371. The Court explained that "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive [him] of any substantive or procedural right to which the law entitles him." *Id.* at 372. The error in *Lockhart* was counsel's failure to raise a legal argument at sentencing. By the time Lockhart's § 2254 petition was filed, however, the legal basis for counsel's ineffectiveness no longer had merit. *Id.* Unlike *Lockhart*, the error in this case was an incorrect factual averment in the PSR regarding his criminal history, which persisted and may have implicated Vazquez's due process rights. *See Moore*, 571 F.2d at 182-83; *Townsend*, 334 U.S. at 741.

For the reasons set forth above, we conclude that the District Court erred in determining that Vazquez failed to demonstrate the prejudice required for his

---

‡ Given the passage of both time and the Fair Sentencing Act of 2010, it may be that Vazquez will receive a shorter sentence.

ineffectiveness claim.  We will reverse the judgment of the District Court and remand for further proceedings.